MOORE *et al. v.* HOWARD, tax-collector, *et al.*

No. 10759.   JANUARY 16, 1936.

*C. L. Hilton,* for plaintiffs.   *T. J. Evans,* for defendants.

RUSSELL, Chief Justice.   Moore and others filed a petition against the tax-collector of Screven County, and a constable of the 1286th

district thereof, praying that the defendants be enjoined from enforcing collection of certain fi. fas. issued against petitioners for a local school tax of 5 mills, and a tax of 3 mills for retiring a stated bonded indebtedness. Petitioners alleged that the election held on August 8, 1931, under which said local school tax of 5 mills was levied, was invalid; and that even if valid, the levy for the year 1931 was void as being retroactive. By consent the case was submitted on an agreed statement of facts, and the court's judgment was invoked as to a decision of the following questions (the contest as to the levy of 3 mills having been eliminated) : (1) "Was not the election held on August 8, 1931, in the Hiltonia School District of said State and county, pursuant to the provisions of § 1551(133) of the [Michie] Code of 1926 invalid, in that said code provision contravenes the provision of paragraph one (1), section seven (7), of article seven (7) of the constitution of the State of Georgia." (2) "If said election was valid, was not this tax levy for this year, 1931, retroactive and invalid ?" The facts agreed to were as follows: The Hiltonia School District comprises the 1286th district G. M. of Screven County. The official list of qualified voters of this district contained 87 names. On August 8, 1931, an election was held in said school district for the purpose of determining whether or not the qualified voters of said school district wished to supplement the State and county school fund by levying a local tax of 5 mills. The returns of the election showed "For local taxation for public schools, 31 votes; against local taxation for public schools, 6 votes." After said election the county school superintendent of Screven County certified to the board of commissioners of roads and revenues of the county, and to the comptroller-general of the State, the rate of taxation fixed for such school by its board of trustees, such rate being 5 mills, and said board of commissioners of roads and revenues, at its regular meeting on the fourth Tuesday in August, 1931, after said election, assessed a tax of 5 mills upon all the property in said school district for educational purposes for the year 1931. J. W. Howard, the tax-collector of Screven County, levied the local tax of 5 mills for the year 1931 against the properties of complainants located in said school district, based on complainants' tax returns as of January 1, 1931. Said local tax of 5 mills has been levied against the properties of complainants for the years 1931, 1932, 1933, and 1934. Complain-

ants have refused to pay said local tax, and the tax-collector has issued fi. fas. against complainants for said tax, and Lester Gordon, constable, has levied the same on properties of complainants preparatory to the sale thereof.

The court held that the election held August 8, 1931, was valid, and that the complainants were liable for the tax for the year 1931, and refused an injunction prayed against the collection of this tax. The petitioners excepted, assigning error on this judgment as contrary to law.

The court correctly held that the act was not invalid. Those who asserted its invalidity seem to have relied, for support of their position, upon art. 7, sec. 7, par. 1, of the constitution, which provides: "The debt hereafter incurred by any county, municipal corporation, or political subdivision of this State, except as in this constitution provided for, shall not exceed seven per centum of the assessed value of all the taxable property therein, . . without the assent of two thirds of the qualified voters at an election for that purpose, to be held as may be prescribed by law: provided, said two thirds so voting shall be a majority of the registered voters." Perhaps there would be force in this argument if the act now in question were not of itself an enactment carrying out the provisions of another paragraph of the constitution. However, such is the case. Art. 8, sec. 4, par. 1, of the constitution, as amended, provides: "Authority is granted to the counties and municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation. The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools under its control, not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems, which shall be distributed equitably according to the school population, tax values, the number of teachers and their grade of license, among the public schools therein. *An additional levy to that already allowed, not to exceed five mills, shall be permissible in independent local systems, municipalities, or school districts on a two-thirds vote of those voting.*"

From a reading of these two paragraphs of the constitution it appears that art. 7, sec. 7, par. 1, has no application to the question submitted to the court, while the additional levy not to exceed five mills, which is permissible in school districts, is expressly granted by art. 8, sec. 4, par. 1, upon a "two-thirds vote of those voting." The statute under authority of which the election was held, and which is alleged to be unconstitutional, is section 125 of the act approved August 19, 1919 (Ga. L. 1919, pp. 288, 339), providing that "Those favoring local taxation for public schools shall have written or printed on their ballots 'For local taxation for public schools,' and those opposed shall have written or printed on their ballots 'Against local taxation for public schools.' . . Two thirds of those voting shall be necessary to carry the election for local taxation." In an election held to determine whether a school district shall impose upon itself an additional tax of five mills for the maintenance of the public schools of that district under sec. 125 of the act of 1919, supra, it is only necessary that two thirds of the qualified voters of the district who participate in such election shall vote in favor of the imposition of the tax. It is unnecessary that those participating in such election constitute a majority of those qualified to vote in the election. Even a minority of the qualified voters may carry an election "for local taxation for public schools," provided that those voting for local taxation of public schools shall be "two thirds of those voting." Consequently the court did not err in holding valid the election held on August 8, 1931, and in refusing to enjoin the collection of tax executions issued in pursuance thereof for the years 1932, 1933, and 1934.

■ Inasmuch as the election to determine whether the proposed tax should be laid was not held until August 8, 1931, the tax could not become effective as a matter of law, so as to involve property of the taxpayers, until January 1, 1932; and the court erred in refusing to enjoin collection of the executions for taxes for the year 1931, based on this election. There is a well-settled inhibition against retroactiveness. Furthermore, no law can be passed for a certain subdivision of the State which runs counter to the general law of the State. By the general law January 1 is fixed as the date on which taxes for each year attach as a lien upon property of the taxpayers of the State, and there is no local occurrence in any subdivision of the State which can vary or affect this rule. Conse-

quently the issuance of the tax fi. fas. for the year 1931 in this case was unauthorized and illegal.

*Judgment affirmed in part and reversed in part. All the Justices concur.*