## 19253. ANTHONY *v.* PENN.

SUBMITTED FEBRUARY 14, 1956—DECIDED MARCH 12, 1956.

*Ernest C. Britton,* for plaintiff in error.

*Oscar D. Smith, Jr., Jack M. Thornton,* contra.

HEAD, Justice. Formerly a final decree for alimony, unexcepted to, passed beyond the discretionary control of the trial judge, and he had no authority to modify its terms. *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977); *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415); *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490); *Estes* v. *Estes,* 192 *Ga.* 100 (14 S. E. 2d 680); *Roberson* v. *Roberson,* 210 *Ga.* 346 (80 S. E. 2d 283). In the present case it is contended that the final decree rendered in 1942 may now be revised by the judge of the superior court under the act entitled, "Modification of Permanent Alimony Judgments," approved March 9, 1955 (Ga. L. 1955, p. 630).

Retroactive laws are prohibited by the Constitution and statutes of this State. Constitution, art. I, sec. III, par. II (Code, Ann., § 2-302); Code § 102-104. The rights of parties as fixed by a solemn judgment, which has long since passed beyond the rules of law applicable to review, can not be vacated, abrogated, modified, or set aside under the contention that the General Assembly has modified the remedy applicable to such judgments. *Moore* v. *Gill,* 43 *Ga.* 388; *Home Insurance Co.* v. *Willis,* 179 *Ga.* 509 (176 S. E. 371).

Laws prescribe for the future. Unless a statute, either expressly or by necessary implication, shows that the General Assembly intended that it operate retroactively, it will be given only prospective application. *Bond* v. *Munro,* 28 *Ga.* 597; *Moore* v. *Gill,* supra; *Sovereign Camp Woodmen of the World* v. *Thornton,* 115 *Ga.* 798 (42 S. E. 236); *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534 (150 S. E. 841); *Moore* v. *Howard,* 181 *Ga.* 605 (183 S. E. 495); *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770); *Smith* v. *Pindar Real Estate Co.,* 187 *Ga.* 229 (200 S. E. 131); *Eibel* v. *Forrester,* 194 *Ga.* 439 (22

S. E. 2d 96). The act entitled, "Modification of Permanent Alimony Judgments," neither expressly nor by implication shows a legislative intent that it should be applied to alimony judgments rendered prior to the passage of the act.

The demurrers of the defendant should have been sustained, and the action dismissed.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*