20422.  MURPHEY *v.* MURPHEY.

ARGUED APRIL 15, 1959—DECIDED MAY 8, 1959.

20

*MacDougald & Feagin, John E. Feagin, G. Robert Howard, James A. Mackay,* for plaintiff in error.

*W. Harvey Armistead,* contra.

HEAD, Justice. The act approved March 21, 1958 (Ga. L. 1958, pp. 204-206; Code, Ann., § 30-301) provides as follows: "Whenever the custody of a minor child or children shall have been lawfully awarded, by any court having jurisdiction thereof, to any person other than the father of said children, at any time subsequent to the rendition of a final divorce decree between the father and mother of said children, which decree contains no specific provisions binding the father for the support of such child or children, the person to whom the custody of such child or children shall be awarded may, by petition, apply to the judge of the superior court in the county where the father of said child or children shall reside for an order and judgment fixing the amount of support money that the father shall provide in order to fulfill his natural duty to supply the necessaries of life for such child or children. The procedure herein provided for shall be available in cases wherein the mother of said children is the petitioner, notwithstanding the divorce decree and judgment may have been rendered in favor of the father. The order and judgment of the court shall remain in effect except as limited by its own restrictions, and the provisions of this act, so long as the petitioner remains in lawful custody of said child or children, and until they become of age. Execution may be granted to the petitioner for any sums past due under such order and judgment, in accordance with procedures now existing in cases of judgments for alimony. Such petition shall be served upon said father and heard before the judge, unless a jury trial be demanded by either party to the cause; and the judgment shall be reviewable as in other cases. Such order or judgment shall likewise be subject to modification in the event of a change in the income of the father of said child or children, under the same terms and conditions as now provided for in cases of permanent alimony for the support of children granted in connection with the rendition of a final decree in divorce cases."

The present petition alleges facts essential to bring it within the provisions of the 1958 act. The act does not require, as a

condition precedent to. the fixing of an amount that the father. is required to pay for the support of his minor child or children, that they shall be in a destitute condition because of the failure of the father to provide them with necessaries. Unless the rights of the parties have been fixed by the former judgments of divorce and habeas corpus, so that the application of the 1958 act to the facts of the case would be unconstitutional because retroactive, the petition was sufficient to state a cause of action as against the grounds of the general demurrer.

"A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts, but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character." *Ross v. Lettice*, 134 *Ga.* 866, 868 (68 S. E. 734, 137 Am. St. Rep. 281); *Williams Bros. Lumber Co.* v. *Anderson*, 210 *Ga.* 198, 204 (78 S. E. 2d 612).

It has been the law of this State since the Code of 1863 (§ 1743 now Code § 74-105) that, "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." At the time of the divorce action between the parties, a father was subject to prosecution in a criminal action if he did not "furnish sufficient food .and clothing for the needs of the child." Code § 74-9902, as amended by Ga. L. .1952, pp. 173-174.

While the law placed the obligation on the father to support his minor child or children, for many years there was no provision of law for requiring the father to ·make payments at regular intervals for the support of his child or children, who were not in his custody, except in those instances where the mother obtained an ·alimony decree for the support of the child or children, either in connection with her application for permanent alimony, or in a divorce action. Code §§ 30-206, 30-207, 30-212, 30-213. The only method of requiring the discharge of such obligation was for a third person (which might be the

mother) to pay for necessaries furnished to the minor child, and then to sue the father for such expenditures. *Brown* v. *Brown*, 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. Rep. 229); *Hall* v. *Hall*, 141 *Ga.* 361 (2a) (80 S. E. 992); *Garrett* v. *Garrett*, 172 *Ga.* 812 (159 S. E. 255); *Pace* v. *Bergquist*, 173 *Ga.* 112, 114 (159 S. E. 678). This, obviously, was an unsatisfactory and cumbersome method of enforcing the natural duty of the father to support his child.

In 1951 the General Assembly passed an act entitled "Uniform Support of Dependents Act" (Ga. L. 1951, pp. 107-116), which dealt in part with the obligation of a father to support his minor child, and provided a new procedure for obtaining an order requiring the father to make payments at regular intervals for the support of his child. This act appears to have been primarily aimed at enforcing this obligation against a father residing in another state from that in which the child was domiciled, but by its terms it also applied to instances where the father and child resided in the same state. The 1951 act has been superseded by an act approved February 20, 1958 (Ga. L. 1958, pp. 34-47). We cite the 1951 act to show that, at the time of the divorce action between the parties in the present case, there was a law declaring: "Notwithstanding the fact that the respondent has obtained in any State or country a final decree of divorce or separation from his wife or a decree dissolving his marriage, the respondent shall be deemed legally liable for the support of any dependent child of such marriage." Ga. L. 1951, p. 110, § 3 (g).

The 1958 act (Ga. L. 1958, pp. 204-206), when applied to the facts of the present case, relates to antecedent facts, but it creates no new obligation and takes away no vested defense. The procedure for enforcing the existing obligation of the father to support his minor children is changed, but the General Assembly has the power thus to change the remedy for enforcing an existing obligation without making the act retroactive in violation of our Constitution, art. I, sec. III, par. II (Code, Ann., § 2-302). *Darby* v. *Cook*, 201 *Ga.* 309 (39 S. E. 2d 665).

In *Anthony* v. *Penn*, 212 *Ga.* 292 (92 S. E. 2d 14), this court held that the act allowing modification of permanent-alimony

judgments (Ga. L. 1955, p. 630) should be given only prospective application, and that a judgment for permanent alimony which had passed beyond the discretionary control of the trial judge at the time of the passage of the act could not be modified under the terms of the act. The judgment of divorce in the present case made no provision for alimony for the support of the minor children, since the custody of the children was awarded to the father. The omission of an alimony award for the children in the divorce action between the father and mother did not relieve the father of his obligation to support the children when, on a change of circumstances, the custody of the children was awarded to the mother, and the right of the minor children to receive support from their father under the laws then in effect in this State was not determined adversely to them by the divorce judgment. The case of *Anthony* v. *Penn*, 212 *Ga.* 292, supra, is not authority for holding in the present case that the 1958 act (Ga. L. 1958, pp. 204-206) would be retroactive if applied to the facts of the present case.

The trial judge erred in sustaining the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*