33537, 33538. McCLAIN v. McCLAIN; and vice versa.

JORDAN, Justice.

Perry B. McClain brought a complaint against his former wife, Jean L. McClain, to modify a previous award of permanent alimony for her of $125 per month granted in a divorce action between them in 1975. He alleged that at the time of the alimony award the wife had no income, but that she is now employed; and that his income has remained approximately the same. He prayed that any further alimony to the wife be disallowed.

At the hearing the parties stipulated that the husband's income is approximately the same as it was when the divorce was granted; and that the wife had no income when the divorce was granted, but is now making $360 to $380 per month.

The trial judge considered two defenses of the wife. She asserted that the Act of 1977 (Ga. L. 1977, pp. 1253, 1254-1255), allowing the modification of an alimony award on a change in the income of the wife, is unconstitutionally retroactive as applied to an alimony judgment entered prior to the effective date of the Act. The trial judge found that the 1977 Act could be constitutionally applied to the 1975 judgment.

The wife also asserted that the husband had waived any right to modification of alimony in a contract entered into by them prior to the divorce decree. The trial judge found that this contract contained a provision preventing the modification of the judgment, and for this reason dismissed the husband's complaint.

The husband appealed from the judgment dismissing his complaint. The wife also appealed from the judgment, enumerating as error the ruling that the 1977 Act could

be constitutionally applied to the 1975 judgment.

1. The parties entered into a separation agreement prior to the final judgment and decree in the divorce case, in which it was provided: "No modification or waiver of any provision hereof shall be effective unless made in writing subscribed by both parties hereto." This provision was not included in the alimony judgment.

This court has held that the waiver of the right to have a modification of an alimony judgment should be clearly intended and expressed by the person waiving the right. *Garcia v. Garcia,* 232 Ga. 869, 871 (209 SE2d 201) (1974). The language above quoted does not show a clear intention to waive *statutory* modification. Language similar to it was contained in the agreement incorporated in the judgment construed in *Eddings v. Eddings,* 230 Ga. 743 (199 SE2d 255) (1973), but in the *Eddings* case there was other language indicating the intention of the wife to waive any right to modification of the alimony judgment.

The quoted language in the contract of the parties in the present case appears to show the intention of the parties that, prior to an alimony judgment, the contract could not be modified by oral agreement of the parties. The provision became obsolete when the alimony provisions of the contract were made the judgment of the court. The trial judge erred in finding that this provision in the contract prevented a modification of the judgment as provided by statute.

2. The 1955 Act (Ga. L. 1955, pp. 630, 631) permitted the revision of a judgment providing permanent alimony for the support of a wife on a "change in the income and financial status of the husband." The 1977 Act (Ga. L. 1977, pp. 1253, 1254-1255; Code Ann. § 30-220) provides that: "The judgment of a court providing permanent alimony for the support of a wife shall be subject to revision upon petition filed by either spouse showing a change in the income and financial status of either spouse."

The 1977 Act does not state that it will operate retroactively. By an Act approved and made effective on April 10, 1978 (Ga. L. 1978, p. ——) (No. 1465, Senate Bill No. 581) the legislative intent is expressed to make the

1977 Act applicable to judgments rendered prior to the effective date of the 1977 Act. The 1978 Act became effective after the present appeals were docketed in this court, but we will apply the law, as amended by the 1978 Act (see *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) (1944)), subject to the constitutional attack made as to a retroactive application of the 1977 Act.

In *Anthony v. Penn,* 212 Ga. 292 (92 SE2d 14) (1956), this court dealt with an attack on the constitutionality of the 1955 Act (Ga. L. 1955, p. 630), authorizing modification of alimony awards, as applied to an alimony judgment rendered prior to the passage of the Act. It was held that the Act would be unconstitutional if applied to prior judgments, but that no legislative intent was shown to thus apply it. In commenting on the prohibition against the passage of retroactive laws, it was stated (p. 293): "The rights of parties as fixed by a solemn judgment, which has long since passed beyond the rules of law applicable to review, cannot be vacated, abrogated, modified, or set aside under the contention that the General Assembly has modified the remedy applicable to such judgments." See also *Home Ins. Co. v. Willis,* 179 Ga. 509 (176 SE 371) (1934).

A party in an alimony action in which a final judgment was entered prior to the 1977 Act had a vested right in the judgment not being subject to modification because of a change in the income of the wife, since the law in effect at the time of the judgment did not permit a modification on such change. The attempt by the legislature in the 1978 Act (Ga. L. 1978, p. ——) to make the 1977 Act (Ga. L. 1977, pp. 1253, 1254-1255) retroactive is unconstitutional. Constitution of 1976, Art. I, Sec. I, Par. VII (Code Ann. § 2-107).

The alimony judgment in the present case could not be modified because of the change in the income of the wife, and the trial judge should have dismissed the husband's complaint for this reason. We affirm the judgment dismissing the complaint although based on the wrong reasoning.

*Judgment affirmed. All the Justices concur except Nichols, C. J., Hall and Hill, JJ., who dissent from the ruling in Division 2 and the judgment.*

SUBMITTED MAY 5, 1978 — DECIDED JUNE 27, 1978.

*Donald W. Huskins,* for appellant.
*James L. Cline, Jr.,* for appellee.

HILL, Justice, dissenting.

I dissent from Division 2 of the majority opinion for the reason that *Anthony v. Penn,* 212 Ga. 292 (92 SE2d 14) (1956), does not hold that the Act would be unconstitutional if applied to prior judgments. It held, as shown by the headnote as well as the text of the opinion, that the 1955 Act showed no legislative intent that it should be applied to alimony judgments rendered prior to the passage of the Act. It commented in passing that retroactive laws are prohibited by the Constitution. It did so to support the court's conclusion that a statute should be given prospective application only unless it shows that the General Assembly intended that it operate retroactively.

In my view the 1977 Act (Ga. L. 1977, pp. 1253, 1254-1255; Code Ann. § 30-220) does not operate retroactively. It simply provides that in the future the former husband's alimony obligation may be modified upon a change in the income and financial status of the wife, just as alimony obligations heretofore could be modified pursuant to the 1955 Act upon a change in the income and financial status of the husband. It thus is not invalid as retroactive. *Murphey v. Murphey,* 215 Ga. 19 (108 SE2d 872) (1959); *State of Ga. v. Callaway,* 236 Ga. 613 (225 SE2d 230) (1976); *Stith v. Morris,* 241 Ga. 247 (1978). See also Washington Statewide Organization of Stepparents v. Smith, 536 P2d 1202 (Wash. 1975).

The difficulty with the court's decision is that it may render the 1955 Act unconstitutional as to all alimony judgments entered between 1955 and 1977 due to the disparate treatment as between a change in the income and financial status of the husband on the one hand, and a change in income and financial status of the wife on the other hand.

Today, with more and more divorced wives working, this court should not require a former husband to continue

making alimony payments to a former wife who earns as much as or more than he does. I therefore dissent.

I am authorized to state that Chief Justice Nichols joins in this dissent.