## 34608. KOSIKOWSKI v. KOSIKOWSKI.

HILL, Justice.

The Kosikowskis were awarded a no fault divorce on February 9, 1977. We reversed the first jury verdict as to alimony in *Kosikowski v. Kosikowski*, 240 Ga. 381 (240 SE2d 846) (1977). Two years after the divorce, Mr. Kosikowski now appeals the denial of his motion for new trial on the second alimony verdict and judgment, enumerating basically two errors, both evidentiary in nature. At oral argument and by supplemental brief, Mr. Kosikowski has attempted to challenge the constitutionality of our alimony laws.

1. Citing *Peacon v. Peacon,* 197 Ga. 748 (2, 3) (30 SE2d 640) (1944), Mr. Kosikowski contends that this alimony award must be reversed because, contrary to Code Ann. § 38-1606, three times during her testimony Mrs. Kosikowski referred to Mr. Kosikowski's adultery. Twice Mrs. Kosikowski referred to her husband's "affair" and once she said a woman "lived" with him.[1]

*Peacon v. Peacon,* supra, reversed a judgment awarding the husband a divorce on the ground of adultery, and awarding child support only, since the only evidence of the wife's adultery was the testimony of her husband. His testimony as to her adultery being incompetent, there was no competent evidence to support the verdict. See also *Boone v. Boone,* 225 Ga. 610 (1) (170 SE2d 414) (1969). Those rulings do not, however, require a reversal here because, even though Mrs. Kosikowski's three comments were incompetent under Code § 30-1306, there was competent evidence here to support the jury's award of alimony to her. See Division 2, below.

2. In his second enumeration of error, Mr. Kosikowski contends that the alimony award was excessive since Mrs. Kosikowski testified that she needed

---

[1]We note that when objections were made to this testimony, these objections were sustained by the trial judge. In the last instance no objection was made. No motions to strike were made as to any of this testimony.

$550 per month and the jury awarded her $650 per month, $450 for herself and $100 for each of the two minor children. Mr. Kosikowski testified in effect that $200 per month per child would be an appropriate amount as child support, and the jury did not provide alimony for the wife for life but limited her alimony payments to June 1, 1985. Under these circumstances and considering the husband's earnings, we do not find that the verdict in her favor is excessive. See *Smith v. Smith,* 237 Ga. 499 (228 SE2d 883) (1976); *Thomas v. Thomas,* 233 Ga. 916 (213 SE2d 877) (1975). Cf. *Baldwin v. Baldwin,* 226 Ga. 680 (2) (177 SE2d 85) (1970).

3. At oral argument, and by supplemental brief thereafter, Mr. Kosikowski has attempted to challenge the constitutionality of our alimony laws. Orr v. Orr, —— U. S. —— (99 SC 1102, 1111) (1979); *Stitt v. Stitt,* 243 Ga. 301 (1979). Mr. Kosikowski did not challenge the constitutionality of the Georgia laws on alimony in the trial court, and his attempt to raise that issue on appeal is not timely. *Duncan v. Duncan,* 226 Ga. 605 (2) (176 SE2d 88) (1970). The fact that the alimony laws were declared unconstitutional pending his appeal, Orr v. Orr, supra, *Stitt v. Stitt,* supra, does not require a different result. See *Anderson v. West Lumber Co.,* 51 Ga. App. 333, 334-336 (179 SE 738) (1935). The claimed unconstitutionality of the alimony laws not being timely or properly raised, they are not invalid insofar as this case is concerned.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED MARCH 13, 1979 — DECIDED APRIL 4, 1979.

*Westmoreland, Hall, McGee, Warner & Oxford, J. M. Crawford,* for appellant.

*John L. Blandford,* for appellee.