## 34758. HAND v. HAND.

PER CURIAM.

Appellant, Fred Barrow Hand, Jr., and appellee were granted a divorce after a marriage of twenty-five years on the ground that their marriage was irretrievably broken. He appeals a final order which awards his former wife the parties' residence and a lump sum award of $87,500.

1. In his first enumeration of error, appellant contends that the trial court erred in admitting evidence of his conduct subsequent to the parties' separation. He argues that while under Code § 30-201 "evidence of the

factual cause of the separation" is admissible, alleged misconduct after the parties' separation is irrelevant. *Bryan v. Bryan,* 242 Ga. 826 (251 SE2d 566) (1979), held that such evidence was relevant to show that such conduct prevented reconciliation of the parties.

2. Appellant's second and third enumerations allege that the trial court erred in allowing evidence of property which he inherited after the institution of the divorce action and in charging the jury that they could consider these assets in determining any alimony award. These arguments are without merit. *Kitchin v. Kitchin,* 219 Ga. 417 (133 SE2d 880) (1963).

3. The evidence presented in this case supports the jury's award of alimony.

4. Appellant's next enumerations of error charge that the trial court erred in failing to give the jury two requested charges. A review of the jury charge shows that, read as a whole, it accurately states the applicable law. The trial court did not err in failing to use the exact language requested by appellant.

5. Appellant's constitutional attack on Georgia's prior domestic laws raised for the first time on appeal are not timely. *Kosikowski v. Kosikowski,* 243 Ga. 413 (254 SE2d 363) (1979).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1979 — DECIDED JUNE 20, 1979 — REHEARING DENIED JULY 17, 1979.

*Altman & McGraw, Sol Altman, Harry Jay Altman, II,* for appellant.

*Holt, Alexander, Vann & Lilly, Roy M. Lilly, Frank T. Holt, William U. Norwood,* for appellee.