## 34907. MORRIS v. MORRIS.

Hill , Justice.

This appeal raises the question of the constitutionality of the retroactive application of the "live in lover" Act.

These parties were divorced by decree entered February 6, 1975, which incorporated a separation agreement providing periodic alimony and child support for the former wife.

At its 1977 session, the General Assembly enacted the first of the so-called "live in lover" provisions. The 1977 enactment consisted of several parts. Ga. L. 1977, p. 1253. The first part of the 1977 law amended a 1955 law (Ga. L. 1955, pp. 630, 631, as amended by Ga. L. 1964, pp. 713, 714) so as to permit courts to modify periodic alimony awards based not only on a change in the former husband's financial status but also based on a change in the former wife's financial status. The second part of the 1977 law provided that " . . . the voluntary cohabitation of the former wife with a man shall also be grounds to modify provisions made for periodic payments of permanent alimony for the support of the former wife. As used herein, the word cohabitation shall mean dwelling together continuously and openly." (This is the first of the so-called live in lover provisions.) The last part of the 1977 Act authorized the admission into evidence in all alimony

cases of evidence as to the factual cause of the separation (e.g., the husband's adultery).

The 1977 enactment went into effect on July 1, 1977. Code Ann. § 102-111. At its 1978 session the General Assembly passed an Act which declared that the 1977 Act should be applicable to alimony judgments rendered prior to the effective date of the Act as well as those rendered after that date. Ga. L. 1978, p. 2204.

On November 6, 1978, the former husband in this case filed his petition for modification of alimony alleging (a) that he had experienced a material decrease in his financial status and (b) that his former wife was openly cohabiting with a man and had been doing so for approximately ten months.

The wife moved to strike the allegations as to cohabitation on the grounds that the live in lover provision was unconstitutional in that it (1) is retroactive contrary to *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187) (1978), when applied to her 1975 divorce decree, (2)"violates the due process and equal protection clauses" of the state and federal constitutions, and (3) should be struck down as being vague and indefinite and thereby lacking due process.[1]

After argument and briefing, the trial court granted the motion to strike, declaring the live in lover portion of the 1977 Act unconstitutional when applied retroactively to an alimony judgment entered prior to the effective date of that Act. That order was later certified for immediate review and this court granted the husband's application

---

[1]The second ground of the wife's motion to strike says simply that the enactment violates due process and equal protection but it does not mention "gender," "discrimination," "husbands and wives," nor does it suggest in any way that the wife was making a gender discrimination attack, see Orr v. Orr, — U. S. — (99 SC 1102, 59 LE2d 306) (1979), upon the statute. We find that no attack based on gender discrimination was timely or properly raised. *Kosikowski v. Kosikowski,* 243 Ga. 413 (3) (254 SE2d 363) (1979). The third ground of the motion was also indefinite and hence it raises nothing for review.

for interlocutory appeal on February 27, 1979.

At its 1979 session, in response to Orr v. Orr, — U. S. — (99 SC 1102, 59 LE2d 306) (1979), the General Assembly revised many of our family, domestic relations, and divorce and alimony laws, as a part of which it enacted a new live in lover provision. Ga. L. 1979, pp. 466, 483; Code Ann. § 30-220 (b). The 1979 Act undertook to make the live in lover provision applicable to both former husbands and wives, and to refer to "meretricious relationships" as opposed to "cohabitation." The 1979 enactment went into effect on April 4, 1979 (Ga. L. 1979, pp. 466, 498), and the General Assembly declared that it should be applicable to all alimony judgments rendered since March 9, 1955. (Code Ann. § 30-223.1).

Correct resolution of this case involves consideration of two cases and the principles enunciated therein: *McClain v. McClain,* supra; and *Bryan v. Bryan,* 242 Ga. 826 (251 SE2d 566) (1979).

In *McClain v. McClain,* supra, the court considered that part of the 1977 law, Ga. L. 1977, pp. 1253, 1254-1255, which had allowed a modification of alimony based upon a change in the former wife's income. In *McClain,* the parties were divorced in 1975 as were the Morrises in the case now before us. Mrs. McClain challenged the 1977 amendment on the ground that it was unconstitutional if applied retroactively to their 1975 divorce decree. (It should be recalled that at its 1978 session, the General Assembly had declared that the 1977 Act should be applicable to judgments rendered prior to the effective date of the 1977 Act.) This court, by a divided vote, held that (241 Ga. at 424): "A party in an alimony action in which a final judgment was entered prior to the 1977 Act had a vested right in the judgment not being subject to modification because of a change in the income of the wife, since the law in effect at the time of the judgment did not permit a modification on such change. The attempt by the legislature in the 1978 Act (Ga. L. 1978, p. [2204])to make the 1977 Act (Ga. L. 1977, pp. 1253, 1254-1255) retroactive is unconstitutional."

In the case before us now, the trial court applied the holding in *McClain,* supra, finding that this 1975 alimony judgment could not be modified pursuant to the 1977 law

on the basis of the wife's alleged cohabitation with a man.

In *Bryan v. Bryan,* supra, published after the trial court rendered its decision, this court had before it the last part of the 1977 Act. Ga. L. 1977, pp. 1253, 1256, amending Code § 30-201. It will be recalled that that amendment, effective July 1, 1977, authorized admission of evidence of adultery by the husband. There, the husband sought to exclude evidence as to his adultery occurring prior to July 1, 1977, the date the Act became effective. This court held unanimously that evidence of the husband's adultery occurring before the Act became effective was admissible because husbands had no vested right to commit adultery even prior to the 1977 Act

Thus, in *McClain v. McClain,* supra, the court held the first part of the 1977 law to be unconstitutional if applied retroactively to alimony judgments rendered prior to the effective date of that law. In *Bryan v. Bryan,* supra, we held that the last part of the 1977 law, which allows the admission of evidence as to misconduct occurring prior to the effective date of the 1977 law, was not unconstitutionally retroactive. In the case now before us we have the question whether the second part of the 1977 law, the live in lover provision, can be applied retroactively to alimony judgments entered prior to the effective date of the 1977 law.

We follow *Bryan v. Bryan,* supra. Neither a wife under the 1977 law nor a husband or wife under the 1979 law has a vested right to continue to receive full alimony from a former spouse while contemporaneously sharing living quarters (and thus expenses) with another (albeit unmarried) mate. To disallow alimony modification as to all alimony judgments entered prior to the effective date of these laws would require those spouses to subsidize their former husbands and wives and their lovers who are cohabiting together.

We hold that alimony judgments entered prior to July 1, 1977, and April 4, 1979 (the effective dates of the Acts specified above), are not immune to modification based upon our "live in lover " laws. Similarly, we hold that evidence of "living in" existing at and prior to those dates will be admissible.

*Judgment reversed. All the Justices concur, except*

.

*Hall, J., who concurs in the judgment only, and Jordan and Bowles, J J., who dissent.*

ARGUED MAY 15, 1979 — DECIDED SEPTEMBER 6, 1979.

*Moore & Worthington, William C. Moore, Donald M. Samson,* for appellant.

*Owens, Littlejohn & Pugh, Neal B. Littlejohn,* for appellee.

BOWLES, Justice, dissenting.

*Bryan v. Bryan,* 242 Ga. 826 (251 SE2d 566) (1979) has no applicability to this case. *Bryan* did not involve a vested property right to alimony which was to be removed upon proof of adultery. The adultery evidence was offered *on the issue of alimony* initially. Perhaps in such a case a statement denying the existence of a "vested right to commit adultery" is appropriate.

In the case at bar, as in *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187) (1978), the vested right is in the judgment not being subject to modification except upon grounds which existed at the time of the judgment. By stating that it is following *Bryan,* the majority is impliedly holding that there is no "vested right to cohabit" although that is not the alleged vested right in issue.

For these reasons, I dissent to the majority's applying the live in lover statute retroactively.

I am authorized to state that Justice Jordan joins in this dissent.