*Harben, Jr.,* for appellee.

### 35149. PAISLEY v. HUDDLESTUN.

BOWLES, Justice.

Mr. Huddlestun brought an action for contempt against his former wife, the now Mrs. Paisley. The trial court found the wife in contempt but provided that she could purge herself of contempt by payment of the sum due to Mr. Huddlestun. We affirm.

When the Huddlestuns were divorced in May of 1978, the trial court ordered that a settlement agreement, previously entered into between the parties, be incorporated into the divorce decree and that the parties comply with its provisions. The provision in issue in this case stated:

"The parties own certain real property located at Moss Oak Drive, Doraville, Georgia. The husband will execute at the time of the signing of this Agreement or at a time no longer than seven (7) days subsequent to this Agreement, a Warranty Deed to the property conveying his interest in the same to the wife. When she remarries, equity in above mentioned property will be equally divided." The last sentence of this provision was handwritten by Mrs. Paisley as dictated by Mr. Huddlestun. Mr. Huddlestun conveyed the property to Mrs. Paisley after the agreement was signed but before the divorce decree was entered. After the divorce, Mrs. Paisley sold the property and subsequently remarried. Mr. Huddlestun then demanded half of the equity resulting from the sale of the property and when Mrs. Paisley refused payment, this contempt action was brought.

1. We conclude that the terms of the provision are clear and applicable to the facts of this case. The term "equity" is unambiguous. Mrs. Paisley contends that the handwritten sentence in the provision in issue was procured by duress and therefore is void and she cannot be held in contempt for violating it. Mrs. Paisley is under a court order to divide the equity in the property upon her remarriage. Until that court order is set aside (whether

for duress or fraud or whatever reason), she can be held in contempt for violating its provisions. Therefore, the court did not err in barring testimony on the facts surrounding the signing of the agreement.

2. Since Mrs. Paisley's duties with regard to the property arise from the court's order and not from the separation agreement, no alleged merger of the agreement into the warranty deed extinguished Mr. Huddlestun's rights to half the equity.

3. Testimony from Mrs. Paisley's former attorney relating his advice to her on the meaning of the provisions of the agreement and the effect of the warranty deed was properly excluded. Initially, when the trial court asked Mrs. Paisley why she was not complying with the court order, she did not state that she was relying on the advice of her attorney. Secondly, a mistake of law as to the effect of the warranty deed conveying the house to her is not justification for refusing to comply with the court's order. The evidence supports the trial court's finding of contempt.

4. The agreement in question did not act as a restraint on remarriage. We find it no different from a provision in a settlement agreement that alimony will terminate upon remarriage. See *Watson v. Burnley,* 150 Ga. 460 (104 SE 220) (1920).

*Judgment affirmed. All the Justices concur.*

Submitted August 30, 1979 — Decided October 2, 1979.

*Clarence F. Seeliger,* for appellant.
*Irwin M. Levine,* for appellee.