### 35377. SHURE v. SHURE.

PER CURIAM.

The former husband appeals an order dismissing his action seeking downward revision of his alimony obligations as a result of substantial improvement in the income and financial status of the former wife. This court affirms.

The final judgment and decree of divorce dated October 11, 1976, incorporated an agreement between the parties providing periodic alimony for the wife which included the following language: "This Agreement is based upon the present income and financial status of the Husband, and the parties hereto further agree that if the same shall be incorporated into any final decree of divorce between the parties, this Agreement may thereafter be modified on application of either party for the reasons and upon the conditions provided in Section 30-220 through 30-223 of the Georgia Code Annotated (Ga. Laws 1955, pp. 630, 631) or similar statutes hereinafter enacted."

The trial court held that the sum provided in the agreement was predicated upon the income of the husband and not upon the income of the wife; that the agreement provides for modification based upon the reasons and upon the conditions set forth in the referenced sections of the annotated Code as they existed in 1976 or in "similar statutes" enacted thereafter; that the 1977 and 1979 versions of these sections of the annotated Code are not "similar statutes" because they provide for consideration of the income and financial status of the former wife as well as the income and financial status of the former husband, whereas the version applicable in 1976 allowed consideration only of the income and financial status of the former husband; and that,

accordingly, the parties had not agreed for the sum provided for the former wife as periodic alimony to be revised based upon a consideration of the former wife's income and financial status. The trial court then held, in essence, that the 1979 version of Code Ann. § 30-220 that was applicable at the time of its ruling (*Osteen v. Osteen,* 244 Ga. 445 (1979)) could not be applied so as to allow consideration of the former wife's income and financial status, despite the expression of legislative intent set forth in Code Ann. § 30-223.1 because such an application would be unconstitutionally retroactive under the federal and state constitutions.

The former wife insists that the judgment of the trial court should be sustained in accordance with the decision of this court in *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187) (1978).

1. This court agrees with the trial court that the 1979 version of Code Ann. § 30-220 is not a "similar statute" within the meaning of the agreement of the parties. To the contrary, the new section is dissimilar to the old section because it allows the income and financial status of the former wife to be considered along with the income and financial status of the former husband, whereas the law in 1976 allowed only a consideration of the income and financial status of the former husband. The trial court was correct in concluding that if the parties had meant for their decree to be amended in accordance with *later,* as distinguished from *similar,* versions of the law, they could have said so in plain language.

2. A majority of this court agrees with the trial court that the 1979 version of Code Ann. § 30-220 cannot constitutionally be applied in this case so as to permit consideration of evidence of a change in the financial status of the wife. *McClain v. McClain,* 241 Ga. 422, supra. Cf. *Morris v. Morris,* 244 Ga. 120 (259 SE2d 65) (1979). Accordingly, the judgment of the trial court dismissing the action is affirmed.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent, and Clarke, J., not participating.*

SUBMITTED SEPTEMBER 7, 1979 — DECIDED JANUARY 8, 1980.

*Martin L. Fierman,* for appellant.

*Macey & Zusmann, George S. Stern, Steven Schaikewitz,* for appellee.