## 35998. SIMS v. SIMS.

CLARKE, Justice.

Plaintiff, former husband, brought an action under the provisions of Code Ann. § 30-220 (b) praying that a previous divorce and alimony decree be modified and revised by relieving him of all obligations for alimony. The grounds for an action under the Code section is that the former spouse is voluntarily cohabiting with a third party of the opposite sex in a meretricious relationship. The trial court granted the relief sought by the plaintiff and relieved him of any further obligation to pay alimony to the defendant. It is from this order that defendant brings her appeal to this court.

1. Defendant complained that the evidence was insufficient to support the finding that defendant was dwelling with a person of the opposite sex, continuously and openly, in a meretricious relationship. The parties were afforded a full and complete hearing by the trial court and a voluminous record was made. We have carefully studied the record and find that there was sufficient evidence adduced at the hearing to authorize the finding by the trial court that defendant and a third party were dwelling together continuously in a meretricious relationship. *Pape v. Pape,* 240 Ga. 806 (242 SE2d 584) (1978); *Berkowitz v. Berkowitz,* 239 Ga. 1 (236 SE2d 7) (1977).

2. Defendant also contends that the parties through their settlement agreement waived the statutory right to seek modification of the permanent alimony agreed to therein and made part of the court's decree. We disagree. The "settlement and release" language which appears in the agreement repeatedly refers to the settlement or release of rights or claims which the parties "may have" against the other. There is nothing in the agreement to release future rights or claims. We have held that where the language is couched in the present tense, there is no waiver of rights to modification. *Hilsman v. Hilsman,* 245 Ga. 555 (1980); *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976).

3. Defendant contends plaintiff had no right to seek a modification under present Code Ann. § 30-220 (b)

because he had within two years brought a modification action pursuant to this Code section as it previously existed prior to its being declared unconstitutional. See *Sims v. Sims,* 243 Ga. 275 (253 SE2d 762) (1979). This contention is grounded upon the provision in Code Ann. § 30-220 (a) that "No petition may be filed by either former spouse under this law within a period of two years from the date of the filing of a previous petition by the same former spouse." The above provision was part of the original Code section which was enacted in 1955 (Ga. L. 1955, pp. 630-632) providing for modification because of a change in income and financial status of the husband. The limitation still appears in that subsection as it now exists. The historical presence of this provision in that subsection and its noticeable absence in Code Ann. § 30-220 (b) clearly shows that the General Assembly intended for the limitation to apply only to modification actions grounded upon financial and income changes. We therefore hold that the two year limitation does not apply to the live in lover statute.

4. In *Morris v. Morris,* 244 Ga. 120 (259 SE2d 65) (1979), we held that alimony judgments entered prior to the effective date of the Code section being here considered are not immune from modification based upon our "live in lover" laws. We also held that evidence of "living in" existing at and prior to the effective dates of the statute are admissible. Defendant urges the court to depart from this holding. This we decline to do.

5. Defendant attacks the constitutionality of Code Ann. § 30-220 (b) by contending that this section denies her equal protection of the laws and due process rights afforded by both the Georgia and United States Constitutions. She contends that the statute creates a classification which is devoid of a rational basis. The classification established by this Code section is of former spouses receiving periodic payments of alimony who voluntarily cohabit with a third party of the opposite sex in a meretricious relationship. That class of persons is made subject to modification of provisions made for periodic payment of permanent alimony. It is well recognized that the state has an interest in the institution of marriage. Code Ann. § 53-107. It is from the marriage

relationship that any right or claim for alimony arises and alimony is in fact defined as ". . . an allowance out of one party's estate, made for the support of the other party when living separate." Code Ann. § 30-201. During the existence of a marriage, each party owes to the other certain obligations.

Upon divorce, a separateness is effected under which the parties relinquish and even waive certain of the rights which they hold during the marriage. The right to claim support survives the divorce and extends in the form of a claim for alimony into the period of separateness. When one of the parties subsequently voluntarily elects to enter into a relationship similar in nature to marriage, there is an additional step away from the previous marriage relationship. It can be rationally said that this additional step diminishes the surviving rights by affording a new ground for modification of alimony.

We do not find it irrational for the General Assembly to provide that a party who voluntarily elects to enter into a relationship similar in nature to marriage may be subject to having alimony benefits reduced or in fact terminated. Georgia law provides that remarriage of a party receiving alimony terminates the alimony rights unless otherwise provided in the decree or agreement. Code Ann. § 30-209. It follows, therefore, that when a former spouse elects to form a commitment and relationship which is akin to the marriage relationship, any obligation which arose out of the former relationship should be subject to change.

Georgia law recognizes the interest of the state in marriage. Code Ann. § 53-107 provides that "[m]arriage is encouraged by the law, and every effort to restrain or discourage marriage by contract, condition, limitation or otherwise, shall be invalid and void." If the law ensures the continuation of alimony payments subsequent to the formation of a relationship akin to marriage while providing that such payments would cease upon remarriage, it would tend to discourage marriage. Further, such an arrangement would penalize the former spouse who elected to formalize a relationship by remarriage as opposed to the former spouse who engaged in the formation of a relationship akin to marriage while

remaining unmarried. Code Ann. § 30-220 (b), therefore, fosters the legitimate government objective of encouraging the stability of marriage and the family.

The strongest governmental purpose for Georgia's alimony laws is the provision of support for a needy spouse. Code Ann. § 30-220 (b) is designed to further this purpose. In *Morris v. Morris,* supra, at 123, the court alluded to this purpose: "Neither a wife under the 1977 law nor a husband or wife under the 1979 law has a vested right to continue to receive full alimony from a former spouse while contemporaneously sharing living quarters (and thus expenses) with another (albeit unmarried) mate. To disallow alimony modification as to all alimony judgments entered prior to the effective date of these laws would require those spouses to subsidize their former husbands and wives and their lovers who are cohabiting together."

We find the classification of former spouses who have elected voluntarily to cohabit with a third party of a different sex in a meretricious relationship is a rational classification which furthers legitimate governmental objectives.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1980 — DECIDED APRIL 23, 1980.

*Wilbur T. Fitzgerald,* for appellant.
*James B. Drew, E. Freeman Leverett,* for appellee.