### 60434. SOVERN v. SOVERN.

SHULMAN, Judge.

Appellee filed an action to domesticate a foreign divorce decree and to enforce the alimony provisions thereof. Appellant answered the complaint and filed therewith a counterclaim seeking modification of the alimony provisions of the decree. On appellee's motion, the trial court struck the counterclaim and appellant's defense based on the doctrine of laches. Appellant subsequently moved for reinstatement of the counterclaim, but his motion was denied. Appellee's motion for summary judgment was granted, giving rise to this appeal from the orders mentioned above.

1. Appellant enumerates as error the judgment of the court awarding appellee $12,900 in back alimony, contending that all but $6,000 of the claim is barred by the statute of limitations. That defense was based on the fact that appellant had underpaid alimony by $100 per month since the spring of 1969. Arguing that a cause of action arose with each underpayment, appellant concluded that the statute of limitations (Code Ann. § 3-701) barred recovery of any payments due more than five years before the filing of appellee's complaint.

In *Wood v. Wood,* 239 Ga. 120 (6) (236 SE2d 68), the Supreme Court was faced with a similar argument involving the dormancy statute. That court held that the appellee-wife had the right to apply alimony payments to the oldest amounts owing, thereby avoiding the dormancy statute since none of the amount claimed had been owed for more than seven years. We find that analysis equally applicable to the statute of limitations.

In support of her motion for summary judgment, appellee filed an affidavit in which she swore that she had applied all of appellant's payments to the oldest part of the debt owed. Under the holding in *Wood,* supra, none of the amount sought was barred by the statute and, therefore, there was no error in the court's finding that appellant was liable for the entire amount sought by appellee.

2. Appellant's enumeration of error concerning the striking of

his defense of laches is wholly without merit. "As this is a legal action on a debt of record and not an equitable one, the doctrine of laches does not apply. [Cit.]" *Jacoby v. Jacoby,* 150 Ga. App. 725, 727 (258 SE2d 534).

3. At two different stages of this litigation, first by a "cross-complaint" filed with his answer and then by a motion to allow a counterclaim, appellant sought to assert a claim for modification of the original divorce decree, alleging as the sole ground an increase in appellee's income. Both of appellant's attempts were frustrated, the cross-complaint having been stricken on motion by appellee and the motion to allow the counterclaim having been denied after a hearing. Before examining the merits of appellant's claim for modification, we must consider the availability of a counterclaim as a vehicle for the assertion of such a claim.

"The issue presented in this case is whether a Georgia court may modify a sister state's award of alimony and child support after the foreign decree has been domesticated in Georgia." *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452). The Supreme Court answered its question in the affirmative, noting in closing that, with that decision, Georgia joined ". . . a growing number of states which permit requests for modification by either party after domestication of a foreign divorce decree. [Cits.]" Id., pp. 23, 24. Although the Supreme Court did not directly address the issue of the timing of the request for modification, appellee has made much of the use of the word "after" in the sentences quoted above. She argues that the Supreme Court clearly intended that modification could only be sought in a subsequent proceeding. We agree with appellee that the word "after" is to be taken literally, but cannot accept that such an interpretation requires that an additional proceeding be initiated to assert a claim for modification.

To explain how a claim for modification can be asserted contemporaneously with one for domestication, we find a useful model in third-party practice. There, A sues B. B then sues C on the theory that, if B is liable to A, C is liable to B for all or part of A's claim against B. Of course, B cannot recover from C unless A prevails against B. Both claims remain pending at the same time, but a final determination that C is liable to B must come, if at all, *after* the determination of B's liability to A.

It should be just so in the context of a request for modification presented as a counterclaim in an action to domesticate a foreign divorce decree. The Supreme Court held in *Blue* that a foreign judgment can be modified after it has been domesticated. We see no rational reason to require that a separate action be instituted for that purpose when the court already has the parties before it. The request

for modification, if viable, can remain pending, as does a third-party claim, until the availability of the primary relief is determined. During that pendency, preliminary investigation of the merits of the claim could be made. For example, a motion to dismiss for failure to state a claim upon which relief can be granted (Code Ann. § 81A-112 (b) (6)) would be appropriate and, if there were no state of facts which could be proved which would entitle the counterclaimant to the relief sought, the counterclaim could be properly dismissed. If, however, the counterclaim survived the preliminary stages of litigation, a full and final determination of its merits could follow immediately after domestication. To deny to the parties and the courts the expediency of the procedure discussed above, requiring the institution of an entirely separate action, would increase the expense of litigation, add to the case load of the courts and delay unconscionably the processes of justice.

Given the considerations mentioned above, we hold that a claim for modification of a foreign divorce decree may be asserted in the same action in which domestication of that decree is sought. Furthermore, we see no need to limit to the plaintiff the right to join such actions. Although the record in *Blue* shows that it was the plaintiff who filed a complaint which sought both the domestication and the modification, the final line of the opinion in that case indicates that the Supreme Court intended to permit either party to seek modification. Of course, such a modification could not affect a defendant's liability which accrued prior to the modification, any more than an upward modification procured by a plaintiff could be applied retroactively to increase that liability. We hold, therefore, that a defendant in an action to domesticate and enforce a foreign divorce decree may assert a valid claim for modification as a counterclaim. Code Ann. § 81A-113.

There still remains the question of whether the divorce decree in this case was subject to modification in the issuing jurisdiction. Appellee contends that appellant failed to take the necessary steps to show the law of the issuing jurisdiction. However, appellant has caused a supplementary record to be transmitted from the trial court to this court. That record includes a copy of a brief which appellant submitted to the trial judge, served on appellee's counsel, but did not file with the clerk of court. That brief, appellant contends, serves both as notice of intent to rely on foreign law and as a source from which that law could be determined by the trial court.

Code Ann. § 81A-143 (c) provides a two-step process for the determination of the law of other jurisdictions. The first step is that "[a] party who intends to raise an issue concerning the law of another State or of a foreign Country shall give notice in his pleadings *or other*

*reasonable written notice."* (Emphasis supplied.) Id. Here, appellant did not include the foreign law in a pleading, but did give written notice in his brief served on appellee that he was relying on the law of the issuing jurisdiction by quoting the portion of that jurisdiction's statutes which authorized the modification of divorce decrees. We find that notice reasonable.

The second step provided by § 81A-143 (c) concerns the trial court's action: "The court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence." Though the statement in appellant's brief concerning the law of the jurisdiction which issued the original decree would not be admissible as evidence, it is "relevant material" and should have been considered by the trial court.

Since, as we have held, the divorce decree appellee sought to domesticate was subject to modification in the same proceeding, and since appellant took the appropriate steps to facilitate the determination of the relevant statute of the issuing jurisdiction, it follows that the trial court's refusal to permit appellant to assert a claim for modification by counterclaim would be error if the counterclaim stated a claim upon which relief could be granted.

4. One of the grounds on which appellee sought the dismissal of appellant's original "cross-complaint" was that it failed to state a claim upon which relief could be granted. Although the trial court did not state a reason for dismissing the claim for modification, it would have been correct to dismiss appellant's claim on that ground.

The sole ground asserted by appellant for a modification of alimony was a change in the financial condition of his ex-wife. The decree was entered in 1968, when the only basis for modification of alimony was a change in the income and financial status of the husband. Since no law of the issuing jurisdiction was introduced or relied upon on that point, we must consider the law of Georgia in that regard. Although the Act of 1977 and later the Act of 1979 provided that the court could take cognizance of a petition seeking a change of alimony on the basis of a change in the income and financial condition of either spouse, the Supreme Court has held that retroactive application of that statute is unconstitutional. *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187). Notwithstanding the efforts of our legislature to make the changed provisions retroactive by means of Code Ann. § 30-223.1, a majority of the Supreme Court holds the same view. *Shure v. Shure,* 245 Ga. 36 (262 SE2d 800). Therefore, appellant's claim for modification, based as it was solely on a change in the income and financial status of his ex-wife, failed to state a claim upon which relief could be granted. The dismissal of appellant's first

claim for modification and the refusal to permit the assertion of the second, based on the same ground, was not error.

5. Appellant's enumeration of error concerning the award of attorney fees to appellee, not being supported by argument or citation of authority, is deemed abandoned. Code Ann. § 24-3615 (c) (2).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED DECEMBER 5, 1980.

*James H. Archer, Joseph Thomas McGraw,* for appellant.
*Al Bridges, George A. Haas,* for appellee.