## 38094. HURLEY v. HURLEY.

SMITH, Justice.

The sole issue presented in this discretionary appeal is whether the trial court erred in granting appellee alimony. Appellant-husband asserts that such an award is prohibited under Code Ann. § 30-220 (b), the so-called "live-in-lover" law.

On April 30, 1981, appellant filed a complaint for no-fault divorce. A divorce was granted on June 2, dissolving the marriage of 28 years, and a non-jury trial was held on July 17 to resolve remaining issues. At trial, appellee testified that a Mr. Locklear had been staying at her house for several weeks, paying for groceries, but not paying rent. She also testified that a Mr. Crozier and his wife were staying at the house, neither paying rent nor buying food. Appellee denied that Mr. Locklear was her lover and indicated that neither Locklear nor the Croziers were going to stay with her after the hearing.

Mr. Locklear also testified. He indicated that he was living with appellee "part-time," but denied having sexual relations with her.

During appellant's testimony, the trial court made the following statement: "[This woman] needs help. This man should help her. But this Court will never order this man or any other man to take on the support of other men . . ."

On July 20, the trial court issued an order awarding appellee the house she had been living in " . . . for the duration of her natural life or until her remarriage or. until she allows non-related men to stay overnight with her in said house . . . ," as well as $1,000 cash and $180.25 per week in permanent alimony. By amendment, the court also awarded appellee a Dodge automobile and the household furnishings.

On August 20, appellant filed a motion for reconsideration alleging that appellee had abandoned the house and was living, unmarried, with a person of the opposite sex. At the hearing on the motion, appellee admitted that she had stayed with Locklear in the daytime, but denied having stayed with him overnight. Other witnesses, however, had seen appellee's car in the vicinity of Mr.

Locklear's residence in the early morning hours.

Appellant's son testified that after he found the house virtually abandoned, he went to Locklear's residence in order to ask his mother if he could have the house. According to the son, appellee responded that "they didn't care nothing about the house, [and] they didn't want it."

At the conclusion of the testimony, the trial court modified its previous alimony award, ordering that the house be returned to appellant and that permanent alimony be reduced to $475 per month "to continue until Defendant dies or remarries, whichever event shall first occur." The order specifically states "[t]hat under the evidence, . . . Defendant is not barred from receiving alimony . . . Code Ann. § 30-201 allows the court to award alimony . . ."

Even assuming that Code Ann. § 30-220 (b) is applicable to the case at bar[1] and that a "meretricious relationship" exists as a matter of law (see *Hathcock v. Hathcock*, 249 Ga. 74 (287 SE2d 19) (1982), no reversible error has been shown. Under Code Ann. § 30-220 (b) "voluntary cohabitation of such former spouse with a third party in a meretricious relationship shall . . . be grounds to *modify* provisions for periodic payments of permanent alimony . . ." (Emphasis supplied.) This provision does not mandate the *termination* of periodic alimony. See *Sims v. Sims,* 245 Ga. 680, 682 (266 SE2d 493) (1980); *Morris v. Morris,* 244 Ga. 120, 123 (259 SE2d 65) (1979).

There being no reversible error for any reason asserted in this appeal, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1982.

*Richardson & Shedd, Ronald G. Shedd,* for appellant.
*J. Scott Callan, Kenneth C. Fuller,* for appellee.

---

[1] By its terms, Code Ann. § 30-220 (b) becomes applicable "[s]ubsequent to a final judgment of divorce awarding periodic payment of alimony for the support of a spouse . . ."