38411. GORDIN v. GORDIN.

JORDAN, Chief Justice.

Mrs. Gordin appeals in these divorce and related-issue proceedings after grant of her application filed pursuant to Code Ann. § 6-701.1.

1. She contends that the trial court erred by allowing the jury to return a verdict containing an unlawful restraint upon her

remarriage.

In part, the verdict provided: "That Mrs. Barbara Gordin be given exclusive use of the house located at 739 Pinehurst Drive, Fairburn, Georgia until the youngest Gordin child reaches age 18 or until Mrs. Gordin remarries. When the youngest child reaches age 18, the house is to be sold and divided equally between Mr. and Mrs. Gordin after all expenses relating to the sale of the house have been deducted. Should Mrs. Gordin remarry prior to the youngest child reaching age 18, the house is to be returned exclusively to Mr. Gordin. Mrs. Gordin is not to receive any proceeds from the sale of the house if she remarries prior to the youngest child reaching age 18. All provisions above are effective in the event of Mr. Gordin's death. In the event of Mrs. Gordin's death, the house is to be returned to Mr. Gordin."

No contention is made that the judgment entered on the verdict did not follow and give effect to those provisions of the verdict.

The divestiture-upon-remarriage provisions of the verdict are said by Mrs. Gordin to be contrary to the public policy of Code Ann. § 53-107, to which we recently have alluded in *Sims v. Sims,* 245 Ga. 680, 681 (266 SE2d 493) (1980). She offers no other citations in support of her position.

The General Assembly expressly has validated limitations over upon the marriage of a *widow* unless the limitations are "manifestly intended" to operate as a restraint upon her marriage and are "not simply prudential provisions" for children or others upon the event of her marriage. Code Ann. § 85-712. *Logan v. Hammond,* 155 Ga. 514 (117 SE 428) (1923) (will provided estate for wife but upon her remarriage estate was to pass to testator's children).

Termination of the support obligations of the husband under a separate maintenance contract upon the remarriage of the wife similarly has been considered valid, rather than a restraint on marriage, because such a provision "is merely expressive of the duration of the term during which the wife should receive the benefits." *Watson v. Burnley,* 150 Ga. 460 (2), 464 (104 SE 220) (1920).

In similar vein, child custody has been transferred from the custodial parent to the other parent under an agreement incorporated into a final judgment and decree of divorce providing for change of custody upon remarriage of the custodial spouse. *Holder v. Holder,* 226 Ga. 254 (1) (174 SE2d 408) (1970); *Hunnicutt v. Sandison,* 223 Ga. 301, 303 (1) (154 SE2d 587) (1967).

We have held that an agreement incorporated into a divorce decree providing for termination of the former wife's equity in real property upon her remarriage did not act as a restraint on marriage.

*Paisley v. Huddlestun,* 244 Ga. 418, 419 (4) (260 SE2d 478) (1979).

In the present case, the termination-upon-remarriage provision in the final judgment and decree originated in the jury's verdict rather than from an agreement of the parties, but we perceive this to be a distinction without legal significance. The trial court did not err by allowing the jury to return the verdict including the termination provision, or in entering judgment on the verdict.

2. The narrow definition of "equitable division of property" as charged by the court was the product of the court's having charged the jury almost verbatim, and certainly in full substance, in accordance with Mrs. Gordin's first request to charge. Mrs. Gordin thus has no cause for complaint about the charge as given. *McGarr v. McGarr,* 239 Ga. 640 (1) (238 SE2d 427) (1977); *Noxon Rug Mills v. Smith,* 220 Ga. 291, 293 (138 SE2d 569) (1964).

3. The remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1982 —
REHEARING DENIED MAY 18, 1982.

*Nelson G. Turner,* for appellant.
*Paul R. Koehler, James C. Bussart,* for appellee.