## 44809. REITER v. REITER.
(365 SE2d 826)

CLARKE, Presiding Justice.

Once again we review the live-in lover statute, this time examining the elements necessary to establish the right to seek modification of alimony. OCGA § 19-6-19 (b) provides in part: "Subsequent to a final judgment of divorce awarding periodic payment of alimony for the support of a spouse, the voluntary cohabitation of such former spouse with a third party in a meretricious relationship shall also be grounds to modify provisions made for periodic payments of permanent alimony for the support of the former spouse. As used in this subsection, the word 'cohabitation' means dwelling together continuously and openly in a meretricious relationship with a person of the opposite sex."

The words of the statute plainly require a two element relationship. The relationship must be meretricious and it must be continu-

ous and open. In examining the constitutionality of the statute, we have held that the legislature acted rationally because the statute rests upon the proposition that ". . . a party who voluntarily elects to enter into a relationship similar in nature to marriage may be subject to having alimony benefits reduced or in fact terminated." *Sims v. Sims*, 245 Ga. 680, 682 (266 SE2d 493) (1980). In *Sims*, we also said, "[i]f the law insures the continuation of alimony payments subsequent to the formation of a relationship akin to marriage while providing that such payments would cease upon remarriage, it would tend to discourage marriage." Since the constitutionality of OCGA § 19-6-19 (b) depends upon the meretricious relationship being one similar to marriage, it follows that the cohabitation must go beyond periodic, physical interludes.

A study of the record in this case reveals no evidence of the parties dwelling together openly and continuously. We, therefore, hold that the evidence fails to satisfy the essential elements of the statute so as to authorize an alimony modification.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 17, 1988.

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. Mc-Cune,* for appellant.

*Custer, Johnson & Burke, Lawrence B. Custer, Douglas A. Hill,* for appellee.