191 So.2d 528 (1966)
John M. HOWARD
v.
Charlotte L. HOWARD (now Charlotte L. McDonald).
No. 44096.
Supreme Court of Mississippi.
November 7, 1966.
*529 Lee B. Agnew, Jackson, for appellant.
F. Kent Stribling, Jackson, for appellee.
INZER, Justice.
The principal question to be determined on this appeal is whether the order of the Alabama court in proceedings instituted therein under the Uniform Reciprocal Enforcement of Support Act had the effect of modifying the terms of the original divorce decree rendered in Mississippi, thereby relieving appellant of his duty to pay the full $130 monthly support payments ordered by the Mississippi decree.
Appellant, John M. Howard, and appellee, Charlotte L. Howard (now McDonald), were formerly man and wife. To their union were born two children, Cynthia Howard, a girl born February 5, 1958, and John Howard, a boy born September 26, 1959. Appellee was granted a divorce by the Chancery Court of the First Judicial District of Hinds County by a decree rendered on the 15th day of May 1961. By the terms of this decree, appellee was granted the custody of the two children. Appellant was required to pay $130 per month for child support, beginning June 1, 1961. The decree provided that Mr. Howard was to have the right of reasonable visitation with the children, in the home of Mrs. Howard and in his home also.
After rendition of this decree, appellant moved to Mobile, Alabama, where he is now residing. After he went to Alabama, he did not fully comply with the court order *530 relative to payment of child support, but he did make some payments. On October 18, 1962, Mrs. Howard instituted proceedings under the Uniform Reciprocal Support Act, seeking to enlist aid of the Alabama courts to require Mr. Howard to pay child support. Pursuant to this petition, the Chancery Court of Hinds County issued its certificate finding that the children were entitled to support and that $150 per month was needed. These proceedings were then transmitted to the Circuit Court of Mobile, Alabama, and on November 16, 1962, that court entered an order requiring appellant to pay $15 per week as child support until January 1, 1963, when the payments would be increased to $20 per week. Thereafter, the Alabama court, upon petition of Mr. Howard, reduced the payments to $15 per week.
On April 8, 1965, Mr. Howard filed a petition in the Chancery Court of Hinds County to modify the divorce decree of May 15, 1961, relative to the support of the children and the right of visitation. He alleged in this petition that his former wife had remarried, and thereafter had refused to comply with the order of the court which allowed him the right of reasonable visitation with his children. He alleged also that he had abided by the court order in the Reciprocal Support Act, and that he was not in contempt of court for failure to comply with the order requiring him to pay $130 per month as child support. He alleged that a change of circumstances had occurred, and that the order requiring him to pay $130 per month as child support should be modified to require him to pay only $20 per week.
Appellee answered this petition and denied that she had refused to allow appellant reasonable rights of visitation with his children, and denied also that he was entitled to have the former decree modified as to support. She filed a separate petition asking that appellant be cited for contempt of court for his failure to abide by the order of the court requiring him to pay child support in the amount of $130 per month. It was alleged that payments due under the divorce decree were in arrears in the amount of $3,216. Appellant answered this petition and denied that he was in contempt of court, and alleged that if he was in arrears, it was not a willful act on his part. He alleged also that the payments required by the divorce decree had been reduced by the order of the Alabama court, and that he had made all payments as required by the Alabama court.
By agreement of the parties, the petition to modify and the petition for citation for contempt of court were heard together. The chancellor, after hearing the evidence, found that appellant was not in contempt of court, but that he was in arrears in the sum of $3,576 under the former decree of that court. He found also that the child support payments should be reduced from $130 per month to $100 per month, but, he directed that in addition to these payments, appellant pay the additional sum of $50 per month on the delinquent payments. The chancellor found also that the former decree should be modified relative to appellant's visitation rights with his children. He directed that the decree be modified to allow appellant to have the children one weekend in each month, from Saturday morning at eight o'clock until Sunday evening at six o'clock, and two weeks in the summer, provided appellant's mother had charge of them during that time. A decree in accordance with the findings of the chancellor was entered. From this decree Mr. Howard appeals to this Court. Mrs. McDonald cross-appeals from the part of the decree reducing the child support payments and failing to adjudge appellant in contempt of court.
We have considered carefully the evidence as reflected by the record, and we find that the chancellor determined the factual issues from conflicting evidence, and that his findings are supported by the evidence.
This brings us to the principal question in this case, which is one of first impression *531 before this Court. In deciding this question, it is necessary to determine whether the orders of the court of a responding state in proceedings under the Uniform Reciprocal Enforcement of Support Act supersede original orders of the court of the initiating state, in this case, Mississippi. This question can be settled by reference to the terms of the Uniform Act itself. Title 34, section 116(b) of the Alabama Code Recompiled (1958) reads as follows:
Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both. (Emphasis added.)
Section 27 of the Uniform Reciprocal Enforcement of Support Act, being section 456-27 of Mississippi Code Annotated (1956), is in the same language as the above-quoted Alabama section. These provisions of the statute clearly state that an order of support in effect prior to the initiation of proceedings under the Uniform Act is not superseded by a subsequent order of support issued by the court of a responding state.
An examination of the language of the Uniform Reciprocal Enforcement of Support Act indicates that it is intended as only an auxiliary or supplemental remedy in the courts of a sister state for the enforcement of orders of support. Consequently, the original order of support rendered in the court of the initiating state is unaffected by the orders subsequently rendered in another state under the Uniform Act, except to the extent that payments made pursuant to one must be credited against payments accruing or accrued under the other for the same period or periods. Consequently, the holding of the chancellor that the reciprocal support proceedings in the state of Alabama were in addition to, and not in substitution for, the proceedings in Mississippi was eminently correct. The Alabama proceedings had the effect only of providing Mrs. McDonald with a supplemental remedy for the enforcement of the Mississippi decree. The appellant was in no way relieved of his duty to continue paying the $130 monthly support payments ordered in Mississippi. As these payments became due, they became a judgment against him, and he is entitled to credit for only the amounts he has actually paid under this decree or under the reciprocal support decree rendered in Alabama. Therefore, the trial court was not in error in finding that appellant was in arrears in the amount of $3,576.
Our conclusion is supported by the holding of the Idaho Supreme Court in Despain v. Despain, 78 Idaho 185, 300 P.2d 500 (1956), also involving an interpretation of section 27 of the Uniform Reciprocal Enforcement of Support Act. In that case, an action for divorce was commenced between the parties in Idaho in May 1944, and a divorce decree containing a provision requiring defendant's husband to pay $20 per week for support of his wife and minor child was rendered. In 1952 the wife instituted proceedings in California under the Uniform Reciprocal Enforcement of Support Act, to collect monies due under the decree of the Idaho court. On March 10, 1953, the California court ordered the defendant to pay the sum of $30 per month for support of the child. In holding that the decree of the California court did not have the effect of altering or modifying the original decree of the Idaho court, the Idaho Supreme Court said:
The Uniform Reciprocal Enforcement of Support Act, Chapter 10, Title 7, I.C., provides an auxiliary or supplemental remedy for the enforcement of orders of support. It is, of course, true that the amount of the payments ordered by the court of the responding state is influenced by the ability of the husband at that time to pay, but the authority of the *532 court originally ordering payment is not affected or is its order modified by an order of the court of the responding state fixing another or different sum. Section 3 of the act provides: "The remedies herein provided are in addition to and not in substitution for any other remedies." 300 P.2d at 503. (Emphasis added.)
Appellant urges that the chancellor was in error in awarding appellee a judgment for the amount he found to be in arrears by appellant, for the reason that appellee did not ask for this relief in her petition. In passing on the question of whether appellant was in contempt, the chancellor first had to determine whether appellant was in default in his payments. Having found that he was in default, the chancellor then had to determine the amount, in order to determine whether appellant was in contempt for failure to pay all or any part of the amount in arrears. This the chancellor did. Although the chancellor found appellant not in contempt of court for his failure to pay these amounts, he did adjudicate the amount in arrears. He did not award a judgment for this amount. This was unnecessary, for as the payments became due, they became fixed, and constituted a judgment against appellant. The chancellor determined from the evidence that the support payments should be reduced, and at the same time he gave appellant an opportunity to pay the amount in arrears at the rate of $50 per month. This was within the power and discretion of the chancellor, and his action in this regard was not error. Gibson v. Clark, 216 Miss. 430, 62 So.2d 585 (1953); Schaffer v. Schaffer, 209 Miss. 220, 46 So.2d 443 (1950); Edmonson v. Ramsey, 122 Miss. 450, 84 So. 455, 10 A.L.R. 380 (1920).
In her cross-appeal, appellee urges that the trial court was in error in reducing the support payments, and in failing to adjudge appellant in contempt of court. We have considered carefully the evidence as reflected by the record, and we find that the chancellor was justified in finding that there had been a change of conditions since the date of the original decree. Furthermore, he was justified in finding that appellant was not in contempt of court. It is apparent that he did the best he could with a bad situation, and his actions should be upheld unless he was manifestly wrong. We cannot say that he was wrong, much less that he was manifestly wrong.
For the reasons stated, this case is affirmed on the direct and the cross-appeal.
Affirmed on direct and cross-appeal.
ETHRIDGE, C.J., and RODGERS, JONES and BRADY, JJ., concur.