## 36551. SUMMERLIN v. SUMMERLIN.

CLARKE, Justice.

When the parties to this action were divorced in 1971, an agreement incorporated as part of the final decree granted alimony to the former wife. In 1978, she filed a modification action praying for an increase in alimony.

Two questions arise. First, does a modification action proceed under the statute as it existed at the time of the divorce, at the time of filing the modification complaint, or at the time of the hearing on the modification? Second, was the statute in effect at the applicable time unconstitutional?

The trial court dismissed the former wife's complaint, holding that the action must proceed under the statute existing at the time of the decree and holding that statute to be unconstitutional. The trial court also determined that although under Code § 30-223.1 (Ga. L. 1979, pp. 466, 485), the General Assembly expressed its intention to make a curative statute retrospective, it could not do so because of this court's holding in McClain v. McClain, 241 Ga. 422 (246 SE2d 187) (1978).

In order to fully appreciate the problem presented here, it is necessary to briefly review the history of Georgia law on modification of alimony. The original modification statute was enacted in 1955, Ga. L. 1955, pp. 630, 631. That statute made reference to alimony for support of a wife or child or children. No reference was made to alimony for the support of a husband. That act also allowed revision upon a showing of a change in income and financial status of the husband. A change in the wife's income and financial status was not mentioned. Principles of the statute under consideration here remained unchanged until 1977 when it was amended to allow revision upon a showing of a change in income and financial status of either spouse. Ga. L. 1977, pp. 1253, 1254. By an act approved in 1978, the 1977 act was made applicable to judgments rendered prior to the

effective date of the 1977 act. Ga. L. 1978, p. 2204. In 1979, following the United States Supreme Court decision in Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979), the General Assembly again amended the statute so that it contains the following language: "[t]he judgment of a court providing permanent alimony for the support of a spouse shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of either former spouse." Code Ann. § 30-220 (a) (Ga. L. 1979, pp. 466, 482). An additional section was added which declares the statute to be effective and to apply to any judgments of a court providing permanent alimony *whenever rendered* unless rendered prior to March 9, 1955. Code Ann. § 30-223.1 (Ga. L. 1979, pp. 466, 485).

The action before the court has at least some connection with each of the acts referred to above. The alimony order was entered when the 1955 act was in effect. The modification action was filed during the period when the 1977 statute was in effect. The former wife's modification complaint was dismissed after the adoption of the 1979 statute.

We agree with the trial court's ruling that the applicable modification statute is that statute in effect at the time of the divorce. However, we disagree with the trial court's ruling that the statute was unconstitutional. Former husband argues that the 1955 act was unconstitutional because it allowed modification of alimony granted to a wife but made no provision for modification of alimony granted to husband and was, therefore, gender based. This argument does not persuade us. The modification statute is not the law under which a grant of alimony is made to a wife nor is it the law which fails to provide the opportunity for a husband to sue for alimony. The modification statute is merely a remedial act which allows either the former wife or the former husband to seek relief from the terms of a previous alimony judgment. Since under the law as it existed prior to 1979, there could have been no judgments for alimony to a husband, a statute allowing a means of relief from such judgments would be of no effect. The law could not presume to relieve persons of burdens which do not exist. Nor was the statute rendered unconstitutional by its failure to include as an event which would justify modification any change in the income and financial status of the former wife. As discussed above, until 1977 only a change in former husband's income and financial status could form the basis for a modification action. This was perhaps unwise and unfair. However, it was not a gender based restriction. The restriction bore a rational relationship to the purpose of the modification statute, i.e., to provide relief to either party according to the ability of the provider of alimony to pay. Further, the impact of the provision was neutral in effect. Therefore,

although the modification action was tied only to a change in the situation of the former husband, this did not render the statute unconstitutional.

Having found that the modification statute in effect at the time of the divorce and applicable to the modification rights of these parties was not unconstitutional, we need not address the other issues raised in this appeal.

*Judgment reversed. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 16, 1981.

*James J. Macie,* for appellant.
*Zachary & Segraves, William E. Zachary, Sr.,* for appellee.