437 So.2d 43 (1983)
Barbara Swartzfager CUNLIFFE
v.
Paul Gee SWARTZFAGER, Jr.
No. 53880.
Supreme Court of Mississippi.
September 7, 1983.
*44 R. Conner McAllister, Jackson, for appellant.
Thomas L. Casey, Laurel, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and HAWKINS, JJ.
ROY NOBLE LEE, Justice, for the Court:
Barbara Swartzfager Cunliffe filed a contempt proceeding in the Chancery Court of the Second Judicial District of Jones County, Mississippi, against Paul Gee Swartzfager, Jr., for failure to pay child support. At the conclusion of all the evidence, the lower court, Honorable J. Shannon Clark, presiding, entered an order denying the relief sought and dismissed the petition. Mrs. Cunliffe has appealed and assigns three errors in the trial below.
The parties were divorced in 1970 by the Circuit Court of Dade County, Miami, Florida. Appellant was granted custody of the two minor children of the marriage, Helen Elizabeth Swartzfager, born November 5, 1962, and Paul Gee Swartzfager, III, born May 5, 1964. Appellee was permitted visitation rights with the children and was required to pay monthly support for them.
In March, 1975, appellant remarried and her husband was sent to Campinas, Brazil, as an executive of the B.F. Goodrich Company. The children spent part of the summer in 1975 with appellee, and then went back to Laurel and spent Christmas of 1975 with appellee. He decided not to return the children to their mother in Brazil, which resulted in appellant's spiriting away the boy, Paul Gee Swartzfager, III, after finding him at a movie theater in Laurel. Shortly prior thereto, appellee filed a petition to modify the child custody decree entered by the Florida court, seeking custody of the children in himself. Preliminary motions were filed by the attorney for appellant; she entered her appearance; the court heard the matter and granted custody of Helen Elizabeth Swartzfager to appellee and custody of Paul Gee Swartzfager, III, to appellant; and ordered appellee to pay $200.00 per month for the support of the boy.
The record reveals that for a period of approximately five years there existed strife and bitterness between the parties. Appellant lived during that time in Brazil and Bogota, Columbia, but, at intervals in the summers, she, her husband and the boy would visit in Florida where the Cunliffes owned a condominium. Appellant contended that appellee refused to pay a substantial amount of child support, while appellee countered that he did not know where appellant resided, that she concealed her whereabouts and address from him, and that he was not permitted to communicate with or see his son. Suffice it to say, in this regrettable situation, appellee did not see the boy until he attained the age of eighteen, and appellant did not see her daughter for the same period of time. Helen Swartzfager did visit her mother in Bogota, Columbia, during Christmas of 1979, when she became eighteen years old.
The lower court held that appellee was not required to pay the support ordered for *45 Paul Gee Swartzfager, III, and was forgiven the unpaid amounts due to the fact that he found appellant had concealed the boy and had prevented appellee from exercising visitation rights with him. Appellee admitted at the trial on cross-examination that he was in arrears for child support in the sum of $7,140.00 as charged by the appellant. The lower court also declined to allow appellant attorney's fees and medical bills.

I.-II.

Did the chancellor commit manifest error in ordering the appellant to produce the minor child of the parties as a material witness for the appellee?

Did the chancellor commit manifest error in assigning more weight to the testimony of appellee than to the testimony of appellant when the testimony of appellant provided the court with more consistent and credible evidence?
The lower court ordered appellant to have the child in court for the contempt hearing. She appeared without him but produced a note purportedly written by the boy to the effect that he did not want to come to court and declined to do so. Appellee filed a motion to dismiss because of failure to perform the order. The court took same under advisement and later overruled it.
The appellant next contends that the lower court erred in assigning more weight to the testimony of appellee than to that of appellant and that the testimony of appellant was more consistent and more credible.
We have examined the record pertaining to those two assignments of error and are of the opinion that there is no merit in them.

III.

Did the chancellor commit manifest error in failing to award appellant past-due child support, past-due medical expenses, and attorney's fees?
The real question presented to this Court is whether or not the lower court erred in declining to enforce the provisions of the former decree fixing child support for Paul Gee Swartzfager, III, at $200.00 per month, in failing to find appellee in contempt for not paying the support and medical expenses, and in dismissing the petition.
The appellee cites Cole v. Hood, 371 So.2d 861 (Miss. 1979), relied upon by the lower court in denying relief. In that case, the ex-wife and her new husband, on cross-examination, admitted that they had purposely concealed the child from the father, who had no knowledge of their whereabouts and did everything in his power to locate them. That case is distinguished from the facts of the present case. Here, the appellant declined to give appellee their exact address and wanted to communicate with him through her relatives.[1] There was evidence of telephone calls to appellee by the boy. Appellee knew where appellant's relatives were, and it is indicated that he knew generally where his former wife and child resided.
Under the facts, the appellee could have taken proper steps to relieve himself from the support payments. The court probably would have directed him what, if anything, should be done toward discontinuing the support payments. The court could have entered an order relieving him from making the payments, or holding the payments in abeyance, or other alternatives.
The lower court entered an order in 1976 for the payment of the support and, under the facts of this case, we think that the court had no authority to relieve appellant from payment of accrued child support. In Howard v. Howard, 191 So.2d 528 (Miss. 1966), which involved a contempt situation for nonpayment of support, the chancellor found appellant was not in contempt for his failure to pay the amounts due but adjudicated the amounts in arrears. The Court held that, as the payments became due, *46 they became fixed and constituted a judgment against the appellant. See also Duncan v. Duncan, 417 So.2d 908 (Miss. 1982).
We hold that the appellee here was not in contempt of the court for failure to make the payments but that, since the payments had become fixed as they were due, the appellant is entitled to a judgment against the appellee in the sum of $7,140.00. We further hold that, inasmuch as the record does not indicate appellee was furnished with medical bills or willfully declined to carry medical insurance covering the child, the chancellor should be affirmed on that issue. The chancellor is also affirmed on his denial of attorney's fees under the peculiar facts of this case where the appellant spirited away the child of the parties from Laurel, Mississippi, and failed to seek the court's enforcement of the provisions of the decree until after the boy became eighteen years of age, at which age he was permitted to reside with his father.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
DAN M. LEE, J., dissents.
NOTES
[1] Apparently, she was afraid appellee would come to her home and get the child as she had done at the movie theater in Laurel.