### 40837. YOUNG v. YOUNG.

SMITH, Justice.

Sally and Gerald Young were divorced in 1976 in Gwinnett County by a decree awarding permanent alimony and child support to Sally in the amount of $50 weekly for alimony and $50 weekly for each of the children. In March 1982, Sally petitioned the Superior Court of Fulton County, where Gerald resided, for a modification of alimony and child support. She alleged that in the time since the original divorce decree and award, Gerald's income and ability to pay had increased substantially and that an increase commensurate with Gerald's enhanced ability to pay was warranted.

Sally also filed a petition for temporary modification pursuant

to OCGA § 19-6-19 (c) (Code Ann. § 30-220) in March 1983, showing, as is required by that statute, that an action for revision of a judgment for permanent alimony was pending and that at least 90 days had elapsed since filing her permanent modification action. After a hearing the court ordered a temporary modification, doubling both the alimony and child support payments due Sally Young and the children. Gerald thereupon brought an application for discretionary appeal to this court which was denied. He then filed a motion to set aside the temporary order in superior court on the grounds that the court lacked subject matter jurisdiction and authority to grant the temporary relief in that OCGA § 19-6-19 (c) (Code Ann. § 30-220) pertains only to decrees of divorce rendered on or after July 1, 1977. This motion was denied and Gerald again sought to appeal to this court. It is upon the grant of his application for discretionary appeal that the present case is now before us. We reverse.

Appeal was granted in this case to decide whether the original (1976) decree of divorce and award of permanent alimony can be modified by a temporary order pursuant to Ga. L. 1979, p. 466, § 23 (OCGA § 19-6-19 (c) (Code Ann. § 30-220)).

The unusually complex history of modification actions has been discussed and detailed in prior cases dealing with related issues, but it is worthwhile to review it once again in order to fully explicate the problem in the present case.

The original modification statute was enacted in 1955, Ga. L. 1955, pp. 630-631. That law made reference to alimony for support of a wife, but not for a husband. The 1955 Act also provided for modification by the wife upon a showing of a change in the husband's financial status and income. The wife's financial condition was not material. A 1977 amendment permitted either former spouse to seek modification upon a showing of changes in the income or financial status of either former spouse. Ga. L. 1977, pp. 1253-1254. Because this act did not state that it applied retroactively, by an act approved in 1978, the legislature sought to make the 1977 Act applicable to judgments rendered prior to its effective date. Ga. L. 1978, p. 2204. In *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187) (1978), this court ruled that a party in an alimony action in which a final judgment was entered prior to the 1977 Act had a vested right in the judgment not being subject to modification because of a change in the income of the wife since the law in effect at the time of the judgment did not permit a modification based on such change. Id. at 424. Accord, *Jowers v. Jowers,* 242 Ga. 208 (248 SE2d 618) (1978). The rule of *McClain* was followed in succeeding cases, including *Summerlin v. Summerlin,* 247 Ga. 5 (274 SE2d 523) (1981), where this court addressed the following question: "Does a modification action proceed under the statute as it

existed at the time of the divorce, at the time of filing the modification complaint, or at the time of the hearing on the modification?" In answer it was said that "the applicable modification statute is that statute in effect at the time of the divorce." Id. at 6.

In 1979 the 1955 Act was amended once again, this time to add a new paragraph providing for temporary modification on the terms set out above, Ga. L. 1979, pp. 466, 482. The 1979 amendment does not state that it is retroactive and no subsequent acts of the legislature have attempted to make it so.

The final legislative action pertinent to the present case occurred on November 1, 1982, when the alimony judgment modification sections of the Official Code of Georgia were enacted to reflect the decisions of this court. To that end, OCGA § 19-6-18 (a) (Code Ann. § 30-220 et seq.) provides: "The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, rendered *prior to July 1, 1977,* shall be subject to revision upon petition filed either by the husband or the wife showing a change in the income and financial status of the husband." (Emphasis supplied.) The parties in the present case were divorced in 1976 and there is no provision in OCGA § 19-6-18 (Code Ann. § 30-220 et seq.) for award of temporary modification.

OCGA § 19-6-19 (a) (Code Ann. § 30-220) provides: "The judgment of a court providing permanent alimony for the support of a spouse rendered *on or after July 1, 1977,* shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of either former spouse." (Emphasis supplied.) Paragraph "(c)" of this section permits the court in its discretion and upon a proper showing by the movant to order grant of temporary modification.

In his only enumeration, appellant contends that it was error for the superior court to fail to set aside its order granting award of temporary modification on the ground that the court lacked subject matter jurisdiction. In support of this enumeration he submits that the modification act in effect at the time of the parties' divorce made no provision for temporary modification, nor is a temporary modification authorized under the currently applicable statute, OCGA § 19-6-18 (Code Ann. § 30-220 et seq.).

We agree that the act in effect at the time these parties were divorced was Ga. L. 1955, pp. 630-631, which did not provide for temporary modification. Nevertheless, we disagree with the contention that the superior court lacked subject matter jurisdiction. See Art. VI, Sec. IV, Par. I of the 1983 Georgia Constitution (Code Ann. § 2-3001). See also OCGA § 19-6-26 (a) (Code Ann. § 30-225.1).

The real issue in this case is whether a temporary modification is authorized in the case of a party divorced prior to enactment of the temporary modification provision. If not authorized, relief may be granted under a motion to set aside, as the judgment is patently void. See *Wasden v. Rusco Indus.,* 233 Ga. 439 (2) (211 SE2d 733) (1975).

Appellee contends that the modification statute in effect at the time she applied for permanent modification permitted temporary modification, citing Ga. L. 1979, p. 483. With this assertion we agree. She concludes, however, that *McClain,* supra, and its progeny, including *Summerlin,* supra, are inapposite, in that the 1979 amendment providing for temporary modification is a procedural change not affecting a vested substantive right. Thus appellee would have us look to the law as it existed at the time she initially sought modification in 1982 and not at the law as it existed at the time the parties were divorced in 1976. With this assertion, however, we cannot agree.

Although it is true that *McClain* and its progeny are not direct authority for the narrow question at issue here, they do interpret another part of the same statute which gives rise to the present controversy. These cases determining the similar but not identical issues involving retroactivity of laws pertaining to permanent alimony are persuasive as authority in that we ignore them at the peril of creating a hopelessly confusing standard for future litigants. If it were to be determined that the temporary modification provision was merely a procedural change, it would also authorize husbands who presently have no right to seek permanent modification because they were divorced before July 1, 1977, to seek *temporary* modification based on a change in the former wife's finances, although they could not be awarded a grant of permanent modification on that ground because of our decisions in *McClain* and Summerlin. Such a decision would also conflict with the enactments of the legislature codified at OCGA § 19-6-18 and § 19-6-19 (Code Ann. § 30-220 et seq.), discussed above, in that women awarded alimony before July 1, 1977, would be permitted to seek temporary modification pursuant to OCGA § 19-6-19 (Code Ann. § 30-220), despite the language of that statute stating that it is to apply in cases where the judgment providing for permanent alimony was rendered on or after July 1, 1977.

Unlike the exigencies recognized to exist when a marriage is disintegrating and one spouse may be at the financial mercy of the other without an order awarding temporary support to supply the means to contest and litigate the issues between the parties, no such compelling circumstances obtain here. See *Gordon v. Gordon,* 244 Ga. 21 (257 SE2d 528) (1979). The public policy promoted by

awarding temporary alimony to the spouse without independent means to respond to the pending litigation and to maintain the necessities of life is separate and distinct from the policy that a spouse receiving (or paying) alimony may seek temporary modification based on an enhanced (or diminished) ability to pay and the reasonable probability of obtaining a revision.

For these reasons we find that Ga. L. 1955, pp. 630-631, in effect at the time these parties were divorced and a final decree and award of permanent alimony entered, controls in the present case. This law did not provide for the grant of an award of temporary revision of a judgment for permanent alimony. Therefore the order of the court below granting such revision pending final disposition of appellee's action for revision of a judgment for permanent alimony is reversed.

*Judgment reversed. All the Justices concur, except Hill, C. J., who dissents.*

DECIDED MAY 16, 1984.

*Clein & Sacker, John E. Sacker, Jr.,* for appellant.
*Richard E. Collar, Jr., Alan B. Gordon,* for appellee.

HILL, Chief Justice, dissenting.

I respectfully dissent due to the inherent power of the court.

Many years ago, Mrs. McGee sued Mr. McGee for divorce, but the jury was unable to agree. Mrs. McGee moved for an allowance of temporary alimony for her maintenance and support pending the litigation. The trial court awarded it to her and her husband appealed, urging that our statutes authorized alimony only after a divorce decreed by a jury. This court agreed with the husband's interpretation of the statutes. Nevertheless, the court held that, having jurisdiction to grant the wife a divorce and alimony in a trial by jury, the trial judge had the power to grant temporary alimony. *McGee v. McGee,* 10 Ga. 477 (1) (1851).

Here, the trial court has jurisdiction to modify the alimony award. Therefore, in my view, the trial court has the inherent power to grant a temporary modification. Modern day court congestion requires that our courts have such power. I therefore dissent.