This is an appeal from a final decree of the Chancery Court, Hancock County, dismissing Mildred H. Holden Hailey's claim *Page 949 
against her former husband, Norman O. Holden, for past due child support payments. Hailey appeals and assigns as error:
(1) The admission of testimony by the appellee as to representations allegedly made by attorneys representing the appellant.
(2) The chancellor's finding that appellant was equitably estopped to claim any past due child support from the appellee.
(3) The chancellor's finding that a Louisiana judgment which reduced by half the amount of child support was entitled to full faith and credit in the present action.
 I.
Mildred H. Holden Hailey, appellant, and Norman O. Holden, appellee, were divorced on June 29, 1969 by decree of the Superior Court of Fulton County, Georgia. The divorce decree granted custody of the parties' eight year old child, Tracy Robbin, to Mrs. Hailey and ordered Mr. Holden to pay $50.00 a week child support.
In early 1971, proceedings were instituted against Mr. Holden, who was then living in Baton Rouge, Louisiana, for extradition to Georgia for nonpayment of child support. According to Mrs. Hailey, these proceedings were instituted by the Adult Probation Department of Atlanta which supervises child support payments under the Uniform Reciprocal Enforcement of Support Act (hereinafter called URESA). The chancellor, however, found as a matter of fact that the proceedings were instituted by Mrs. Hailey. The present record does not contain any copy of these proceedings.
On April 20, 1971, Mr. Holden petitioned the Family Court of East Baton Rouge Parish, Louisiana for a reduction of his child support payments as ordered under the Georgia decree of 1969. Pursuant to Louisiana law, an attorney, as curator ad hoc, was appointed by the court to represent Mrs. Hailey who was then living in Kinston, North Carolina. This attorney notified Mrs. Hailey of the action by registered mail, return receipt requested, on May 7, 1971 and enclosed a copy of the petition. An answer was filed on behalf of Mrs. Hailey by her curator on May 25, 1971. The answer does not challenge the jurisdiction of the Louisiana court. Mrs. Hailey did not personally appear in the family court action. Judgment was entered on June 29, 1971 reducing Holden's child support payments to $100.00 a month. The record does not reflect whether this modification petition was filed within the URESA proceeding. The chancellor's opinion found that the URESA action was terminated.
In January of 1972, attorneys representing Mrs. Hailey sent Mr. Holden a "consent to adoption" form for Tracy Robbin. Mr. Holden signed the form and mailed it back to Mrs. Hailey's attorneys. Holden testified that it was his understanding that upon signing the form he was relieved of any further obligation to support Tracy Robbin; accordingly, he stopped making child support payments.
According to Mrs. Hailey, in August of 1973 she contacted Mr. Holden by telephone, explained that the adoption was never completed, and asked him to send money to help pay Tracy Robbin's school expenses. Mrs. Hailey testified that Mr. Holden told her and Tracy Robbin at that time that as far as he was concerned they were both dead. According to Mr. Holden, he received no communication from either his ex-wife or Tracy Robbin until after the present action was initiated.
Mrs. Hailey filed the present petition on April 14, 1981 seeking past due child support of $28,150.00 and attorneys' fees. At this time Tracy is a twenty-year old, working to earn money to attend college.
The chancellor found as a matter of law that the Louisiana court order reducing child support was entitled to full faith and credit. The chancellor further found that Mrs. Hailey was equitably estopped to claim any past due child support based upon Holden's reliance upon the representation that Tracy Robbins was being adopted by Roger Wilson, Hailey's then *Page 950 
husband. The chancery court dismissed her complaint, giving rise to this appeal.
 I.
Appellant first assigns as error the admission, over objection, of Mr. Holden's testimony as to his understanding of the effect of his consent to the adoption of Tracy Robbin. Appellant argues that any understanding would be based upon the out-of-court statements of Mrs. Hailey's attorneys and thus constitutes inadmissible hearsay, relying upon Pevey v. Alexander Pool Co.,Inc. 244 Miss. 25, 139 So.2d 847 (1962). In Pevey a witness read from an advertising brochure which explained the function of a swimming pool valve. This Court held that the advertisement constituted inadmissible hearsay. 139 So.2d at 849. This case is factually distinguishable.
In the case sub judice, Mr. Holden was not permitted to testify as to the statements of Mrs. Hailey's attorneys. The question then is whether testimony as to an understanding based upon those statements constitutes hearsay.
In order to constitute hearsay the statement must be offered to prove the truth of the matter asserted. McCormick, Evidence § 246. Mr. Holden's testimony was not offered to prove the actual legal effect of his signature on the consent to adopt form. Nor was it offered to prove the substance of his conversation with Mrs. Hailey's attorneys. See Young v. State, 146 Ga. App. 167,245 S.E.2d 866, 868 (1978) (in action by mother to recover past due child support, defendant father's testimony that "he didn't think he was supposed to continue paying child support after he signed the adoption agreement" was admissible hearsay).
We conclude that Holden's testimony as to his understanding of the effect of his signature is admissible for the purpose of stating his understanding, but not for the purpose of proving the truth of the matter asserted. This Court finds no merit in appellant's first assignment of error.
 II.
Appellant's second assignment of error challenges the chancellor's finding that appellant is equitably estopped to claim any past due child support.
The chancellor concluded that attorneys for Mrs. Hailey obtained Mr. Holden's consent to the adoption of Tracy by Mrs. Hailey's then husband, Roger Wilson; that Mrs. Hailey "did not meet the burden of proof to show that she did in fact contact Mr. Holden and inform him that the adoption had not taken place"; and that Mrs. Hailey was equitably estopped from claiming child support payments.
The question presented is whether the consent of a natural father at the request of the mother for the adoption of his child estops the mother from recovering child support arrearages where the adoption in fact never took place.
We consider first the legal obligations involved in this question. Mississippi statutory enactments provide that both separated or divorced parents who have separate incomes or estates may be required to support children according to their relative financial ability. Miss. Code Ann. § 93-5-23 (Supp. 1983) and § 93-11-65 (1972). Reimbursement for welfare expenditures for children receiving aid to dependent children is permitted. Miss. Code Ann. § 43-19-35 (Supp. 1983). Additionally Miss. Code Ann. § 97-5-3 (1972) provides for criminal liability against parents for non-support of minor children under sixteen years of age. In Mississippi the duty to support is a statutorily imposed duty on parents.
A child support judgment is awarded to the custodial parent for the benefit and protection of the child. Miller v. Miller,29 Or. App. 723, 565 P.2d 382, 100 A.L.R.3d 1120 (1977). There is a public policy consideration involved because of the interest of society to provide for its children's needs and to decrease society's financial burden when a child is supported through public assistance. The underlying principle here is the legal duty owed to the child for the child's maintenance and best interest. *Page 951 McManus v. McManus, 428 So.2d 854 (La. Ct. App. 1983).
We, therefore, conclude that since both the child's interest and society's interest are involved, both interests are to be considered in resolution of any dispute involving child support. The child's maintenance and best interest are to be satisfied; on the other hand, the parties cannot undermine the state's interest. Of equal importance in this situation is the inherent power of the court to enforce its own orders and decrees.
In Mississippi judicial interpretation of this legal duty to support minor children has firmly established that, once ordered, installment of child support become fixed and vested when due and unpaid. Cunliffe v. Swartzfager, 437 So.2d 43 (Miss. 1983);Duncan v. Duncan, 417 So.2d 908 (Miss. 1982); Hambrick v.Prestwood, 382 So.2d 474 (Miss. 1980); Howard v. Howard,191 So.2d 528 (Miss. 1966).
Additionally, a court cannot relieve the civil liability for support payments that have already accrued. Cunliffe, supra;Duncan, supra; Howard, supra.
The chancery court may enforce the support obligations by contempt proceeding and may modify the order on proper proof. Miss. Code Ann. § 93-5-23 (Supp. 1983). It follows, therefore, that if the order is not terminated by the court, the liability may continue to accrue and contempt may lie for non-payment.
We are faced with the announced rule that this Court is without authority to reduce the amounts of accrued child support as they constitute a civil liability. Cunliffe, supra, Howard, supra. The application of equitable estoppel would be a departure from this rule.
We reverse the chancery court in his finding that Mrs. Hailey was not entitled to a judgment for vested child support payments. We hold that equitable estoppel did not terminate her right to support from and after her affirmative action in securing a consent to adoption from her ex-husband until the date of her notification to him that the adoption failed. We remand this cause for factfinding to determine the amount due on this judgment.
 III.
Appellant's third assignment of error challenges the chancellor's finding that the Louisiana judgment was entitled to full faith and credit in the present action. This order would reduce by half the amount of the monthly payment.
Two questions are involved in resolving the full faith and credit issue. First, did the Louisiana court have subject matter jurisdiction, i.e., authority to modify the child support award. Second, did the Louisiana court have personal jurisdiction over Mrs. Hailey.
The question here is whether the Louisiana court had the authority to modify the child support obligation imposed by the Georgia divorce decree. As a general rule, an order still subject to modification in the state that rendered it may be modified by another state. Halvey v. Halvey, 330 U.S. 610, 615, 67 S.Ct. 903, 906, 91 L.Ed.2d 1133 (1946); cf. Barber v. Barber,323 U.S. 77, 81-82, 65 S.Ct. 137, 138-139, 89 L.Ed. 82 (1944). Under Georgia law, an award of future child support rendered prior to July 1, 1977 is subject to modification upon petition by either the husband or the wife showing a change in financial status. Ga. Code Ann. § 19-6-18 (1981); Young v. Young, 252 Ga. 564,315 S.E.2d 878 (1984). Arrearages in child support payments, however, are not subject to modification. Anderson v. Anderson,230 Ga. 885, 199 S.E.2d 800, 801 (1973); Thacker Construction Co. v.Williams, 154 Ga. App. 670, 269 S.E.2d 519, 521 (1980). The order of the Family Court of East Baton Rouge Parish modified only the future payments of child support and was based upon a change in Mr. Holden's financial status. Accordingly, under the general rule, the Louisiana court had authority to modify the Georgia divorce decree as to future support payments, not arrearages. *Page 952 
Appellant, however, contends that the action of the Family Court of East Baton Rouge Parish was pursuant to the Uniform Reciprocal Enforcement of Support Act, and therefore, had no effect on the support obligation set forth in the Georgia divorce decree. Section 31 of the URESA provides as follows:
 "A support order made by a court of this State pursuant to this Act does not nullify and is not nullified by a support order made by a court of this State pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this State."
In Howard v. Howard, 191 So.2d 528 (Miss. 1966) this Court held that a reduction in child support payments ordered by the court of a responding state in proceedings under URESA did not supersede the original order of support. This Court stated:
 This brings us to the principal question in this case, which is one of first impression before this Court. In deciding this question, it is necessary to determine whether the orders of the court of a responding state in proceedings under the Uniform Reciprocal Enforcement of Support Act supersede original orders of the court of the initiating state, in this case, Mississippi. This question can be settled by reference to the terms of the Uniform Act itself. Title 34, section 116(b) of the Alabama Code Recompiled (1958) reads as follows:
 Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the
amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both. (Emphasis added).
 [1] Section 27 of the Uniform Reciprocal Enforcement of Support Act, being section 456-27[1]
of Mississippi Code Annotated (1956), is in the same language as the above-quoted Alabama section. These provisions of the statute clearly state that an order of support in effect prior to the initiation of proceedings under the Uniform Act is not superseded by a subsequent order of support issued by the court of a responding state.
 [2-6] An examination of the language of the Uniform Reciprocal Enforcement of Support Act indicates that it is intended as only an auxiliary or supplemental remedy in the courts of a sister state for the enforcement of orders of support. Consequently, the original order of support rendered in the court of the initiating state is unaffected by the orders subsequently rendered in another state under the Uniform Act, except to the extent that payments made pursuant to one must be credited against payments accruing or accrued under the other for the same period or periods. Consequently, the holding of the chancellor that the reciprocal support proceedings in the state of Alabama were in addition to, and not in substitution for, the proceedings in Mississippi was eminently correct. The Alabama proceedings had the effect only of providing Mrs. McDonald with a supplemental remedy for the enforcement of the Mississippi decree. The appellant was in no way relieved of his duty to continue paying the $130 monthly support payments ordered in Mississippi. As these payments became due, they became a judgment against him, and he is entitled to credit for only the amounts he has actually paid under this decree or under the reciprocal support decree rendered in Alabama. Therefore, the trial court was not in error in finding that *Page 953 
appellant was in arrears in the amount of $3,576.
191 So.2d at 530-531.
In the trial court the chancellor found as a matter of fact that the Louisiana proceedings were instituted by Mrs. Hailey. Mrs. Hailey, however, testified that the proceedings were instituted by the Adult Probation Department of Atlanta which supervises child support payments under URESA. Under Louisiana law the Family Court of East Baton Rouge Parish has jurisdiction over URESA actions brought by other states. La. Const. Art. 7 § 53. This Court finds no documentary evidence in the record to support the chancellor's finding. Without documentary evidence of the initiating party in the suit in Louisiana, Mrs. Hailey or the Adult Probation Department, we hold that the court was manifestly wrong in finding that Mrs. Hailey initiated the suit. This evidence is essential to a determination that the Louisiana Court had jurisdiction. There is no basis in the record to conclude that Mrs. Hailey brought the suit conferring jurisdiction to the Louisiana Court and if so, to what extent, if any, the Georgia decree could be changed. There is no proof that she or the child was in Louisiana at the time of filing suit. Nor is there proof that this was a URESA action.
Therefore, since the record in this case is incomplete, the issues of subject matter and personal jurisdiction cannot be evaluated. Accordingly, this case must be remanded for a determination of the nature of the Louisiana proceedings to ascertain whether full faith and credit applies.
Upon remand the trial court should determine the effect, if any, of the Louisiana modification order on the Georgia support order, all consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER HEARING.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
[1] MCA § 93-11-55 (1972).