S91A0405. BYRD v. AULT.
(401 SE2d 690)

WELTNER, Justice.

The parties were divorced in 1976 under a decree that created an obligation on the part of the former husband to make certain payments for the support of the minor child of the parties. In 1987, at the instance of the former husband, the superior court modified this obligation. In 1990, the former wife sought the temporary and permanent increase of child support payments under the provisions of OCGA § 19-6-19. The former husband filed a motion to dismiss her application for temporary modification. The trial court denied the motion and ordered a temporary increase in child support payments. We granted the former husband's application for discretionary appeal.

1. The former husband insists that his obligation for child support cannot be the subject of temporary modification under OCGA § 19-6-19 (c) because the original divorce decree establishing that obligation was entered before July 1, 1977. He relies upon OCGA § 19-6-19 (a), which provides in part as follows:

The judgment of a court providing permanent alimony for the support of a child or children rendered on or after July 1, 1977, shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of either former spouse or in the needs of the child or children.

2. The modification decree of 1987 was a "judgment of a court

providing permanent alimony for the support of a child or children rendered on or after July 1, 1977." OCGA § 19-6-19 (a). Accordingly, it was subject to temporary modification under the provisions of OCGA § 19-6-19 (c).[1]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 1991.

*Victoria M. Endriss, Raymond M. Kelley, Jr.,* for appellant.
*Harrison & Harrison, Anthony L. Harrison,* for appellee.

---

[1] The cases of *Young v. Young,* 252 Ga. 564 (315 SE2d 878) (1984); *Summerlin v. Summerlin,* 247 Ga. 5 (274 SE2d 523) (1981); and *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187) (1978), are not authority to the contrary, because the judgment at issue in each of those cases was a decree rendered before July 1, 1977.