626 So.2d 136 (1993)
DEPARTMENT OF HUMAN SERVICES on Behalf of Jennifer ADAMS
v.
James Dennis RAINS.
No. 92-CA-0004.
Supreme Court of Mississippi.
October 28, 1993.
John W. Capers, Meridian, for appellant.
Marvin E. Wiggins, Jr., DeKalb, for appellee.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:
The Mississippi Department of Human Services (DHS) represented Jennifer (Rains) Adams, an Arkansas resident, and former spouse of James Dennis Rains, the appellant, in an attempt to collect arrearage in child support payments pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). This URESA case went before the Lauderdale County Chancery Court on two occasions. This appeal arises from the *137 February 1, 1991, dismissal with prejudice of the Jennifer Adams and DHS action for past due child support. For the reasons set forth below, we reverse and remand to the chancery court for a determination of how much Rains owes in past due child support.

FACTS AND PROCEDURAL HISTORY
Jennifer (Rains) Adams and Dennis Rains were divorced in Lauderdale County, Mississippi, in 1976. Two children were born of the marriage. Rains was ordered to pay $275.00 a month in child support, in addition to an obligation to maintain and pay one-half of the medical and hospital insurance on their two children. Adams remarried and was an Arkansas resident at the time of these proceedings. On August 27, 1987, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), Adams, through the Department of Human Services, sought judgment for a substantial arrearage[1] in the Lauderdale County Chancery Court. There was evidence that the URESA petition was not correctly completed. There was no hearing or adjudication on the issue of the arrearage. The judgment, signed by Chancellor George Warner, and approved by counsel for the DHS and counsel for Rains, ordered Rains to pay $200.00 a month in child support, beginning September 1, 1987. This amount was to be withheld from Rains' wages. However, the judgment was silent as to the arrearage.
In January, 1989, Chancellor Warner recused himself from Adams v. Rains, and designated by Order that the other chancellor in the twelfth Chancery District would hear this case.
On June 25, 1991, the DHS, on behalf of Jennifer Adams, filed a Motion for Relief from Judgment and Order. On August 21, 1991, the DHS, on behalf of the State of Arkansas, Child Support Enforcement Unit and Adams filed an Amended Motion for Relief from Judgment and Order. Rains moved to dismiss the case. The Chancellor granted the motion. DHS moved to reopen the case, and said motion was granted. Rains' second Motion to Dismiss was overruled.
The State of Arkansas still sought the arrearage in this case. During the interim between the 1987 judgment and the 1991 action, the Internal Revenue Service had attached Rains' income tax refunds. On February 1, 1991, Lester Williamson, attorney for Rains, after meeting with Syria Sturdivant, attorney for the DHS, obtained Chancellor Warner's signature on the amended judgment. Under the amended judgment dated February 1, 1991, a paragraph was added to the original August 27, 1987 judgment. The added paragraph reads as follows:
5. The allegations were made by the Plaintiff that the defendant was substantially in arrears for child support prior to the hearing of this cause. The defendant denied this allegation and presented to the Court evidence to support his contention that plaintiff had led him to believe that the above referenced children were adopted by the Plaintiff and her present husband. After reviewing the evidence and considering this matter, the Court approved the agreement of the parties announced to the Court by the attorneys for the respective parties that the plaintiff's claim for arrearage claimed in this cause should be dismissed with prejudice and defendants obligation shall resume starting September 1, 1987.
This judgment was signed by Chancellor Warner who had previously recused himself from the case. Attorneys for both the DHS and Rains agreed to the amendment.
On June 25, 1991, the DHS on behalf of Jennifer Adams, filed a Motion for Relief from Judgment and Order. On August 21, 1991, the DHS on behalf of the State of Arkansas, Child Support Enforcement Unit and Adams filed an Amended Motion for Relief from Judgment and Order. Rains moved to dismiss the case. The Chancellor granted the motion. DHS moved to reopen the case, and said motion was granted. The Chancellor dismissed with prejudice the Motion for Relief from Judgment and Order *138 filed June 25, 1991, and the Amended Motion for Relief from Judgment and Order filed August 21, 1991.

I.

THE LOWER COURT DISMISSED WITH PREJUDICE THE PLAINTIFF'S CLAIM FOR PAST DUE CHILD SUPPORT CONTRARY TO ESTABLISHED LAW.
DHS alleges that the amended judgment's dismissal with prejudice of the past due child support contravened Mississippi case law.
This Court has repeatedly held that child support is awarded for the benefit and protection of the child, and that such benefits belong to the child. Varner v. Varner, 588 So.2d 428, 432 (Miss. 1991) (citing Lawrence v. Lawrence, 574 So.2d 1376, 1381 (Miss. 1991); Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss. 1990); Nichols v. Tedder, 547 So.2d 766, 781 (Miss. 1989); Alexander v. Alexander, 494 So.2d 365, 368 (Miss. 1986)). These obligations to the child "vest in the child as they accrue, and no court may thereafter modify or forgive them if they be not paid." Varner, 588 So.2d at 432 (citing Premeaux v. Smith, 569 So.2d 681, 685 (Miss. 1990); Thurman v. Thurman, 559 So.2d 1014, 1016-1017 (Miss. 1990); Cumberland, 564 So.2d at 847; Brand v. Brand, 482 So.2d 236, 237 (Miss. 1986); Hailey v. Holden, 457 So.2d 947, 951 (Miss. 1984); Hambrick v. Prestwood, 382 So.2d 474, 476 (Miss. 1980)).
Rains alleges that the amended judgment from which the DHS is appealing was approved by the DHS. Rains states that "a consent judgment cannot be set aside absent a clear showing that it was obtained by fraud, or the substantial equivalent thereof, or was based on mutual mistake." Guthrie v. Guthrie, 226 Miss. 190, 84 So.2d 158, 161 (1955). The Chancellor in his Opinion cited Rule 60(b)(1), (4), and (6) of the Mississippi Rules of Civil Procedure:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(6) any other reason justifying relief from the judgment.
The Chancellor also cited Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984), for the principle that Rule 60(b) relief was extraordinary and "may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." Id.
The question in this case involves more than the ignorance on the part of the attorneys: it involves what Judge Warner also believed to be a mistake. Judge Warner, in response to a letter from Jennifer Adams, wrote the following:
(1) I received a "copy" of the letter to me.
(2) I am not related to Dennis Rains.
(3) The order I signed was prepared and presented to me by your attorney. I did not have a trial.
(4) Please contact Mrs. Sturdivant at the Lauderdale Co. Dept. of Human Services for help.
(5) Back child support is vested and cannot be forgiven. Your attorney should not have done this. (Emphasis in original).
The letter was signed and dated April 15, 1991. At the hearing, the DHS tried to have this letter admitted into evidence, but the Chancellor refused, although he never read the letter, and allowed it in for identification purposes only.
Considering this State's longstanding adherence to the principle that past due child support vests and cannot be forgiven absent payment, in the case sub judice, it was neither the attorneys' nor the chancellors' place to forgive the arrearage.

II.

WHETHER A JUDGE CAN LEGALLY SIGN A JUDGMENT IN A CASE FROM WHICH HE HAS PREVIOUSLY RECUSED *139 HIMSELF FROM BY A SIGNED ORDER?
After the August 27, 1987 judgment, Judge George Warner signed an Order dated January 4, 1989, recusing himself as judge in Adams v. Rains. On February 1, 1991, Judge Warner signed an Amended Judgment for Support and Other Relief under the Uniform Reciprocal Enforcement of Support Act.
Rains contends that Judge Warner only performed a ministerial act in clarifying his earlier ruling and that the order was agreed to and signed by counsel for both parties. Rains alleges that the February 1, 1991, order signed by Judge Warner amending the August 27, 1987, judgment was merely a nunc pro tunc order.
It appears that a lack of diligence by the participants in the February 1, 1991, amended judgment resulted in Judge Warner signing an order in a case from which he had recused himself. The court file contained the recusal order.
Judge Warner was without authority to sign this amended judgment, as there was no subsequent order removing the recusal in this matter. See Herring v. Herring, 571 So.2d 239, 243 (Miss. 1990).

III.

DID THE COURT ACQUIRE JURISDICTION TO SET ASIDE ANY CHILD SUPPORT ARREARS FROM A PRIOR DIVORCE ACTION PURSUANT TO URESA?
Because the URESA action was filed in the State of Arkansas to collect arrearage from a 1976 divorce action, the DHS and Adams submit that the Mississippi chancery court did not acquire jurisdiction to set aside the arrearage.
This Court has stated that proceedings under URESA do not supercede the original order of support. Hailey v. Holden, 457 So.2d 947, 952 (Miss. 1984) (citing Howard v. Howard, 191 So.2d 528 (Miss. 1966)). "As a general rule, an order still subject to modification in the state that rendered it may be modified by another state. [citations omitted] ... Arrearages in child support payments, however, are not subject to modification." Hailey, 457 So.2d at 951.
As URESA is a remedy in the courts of sister states for the enforcement of support orders, the original order of support is not affected by the orders from another state under URESA. Id. at 952. Therefore, although the chancery court did have jurisdiction to hear this case, it had neither the authority, nor the jurisdiction pursuant to URESA to modify the arrearage Rains owed for back child support.

IV.

IS A DEFENDANT RELEASED FROM AN OBLIGATION TO PAY PAST DUE CHILD SUPPORT DURING A PERIOD HE MISTAKENLY BELIEVES HIS CHILDREN WERE ADOPTED?
The chancellor erred in his amended judgment when he relieved Rains for any child support obligations prior to September 1, 1987, because "Plaintiff had led him [Rains] to believe that the above referenced children were adopted by the Plaintiff and her present husband."
In Hailey v. Holden, 457 So.2d 947 (Miss. 1984), this Court was faced with a similar question. Mrs. Hailey had secured a consent to adopt from her former husband, Mr. Holden. The adoption failed. There was disputed testimony as to whether Holden was notified of the adoption's falling through. Hailey filed a petition seeking past due child support. The chancellor found that Hailey was equitably estopped from her claim to the past due child support based upon Holden's reliance on the representation that this child was adopted by Hailey's present husband. Id. at 949. This Court reversed the chancery court in its finding that Hailey was not entitled to a judgment for vested child support payments. We held "that equitable estoppel did not terminate her right to support from and after her affirmative action in securing a consent to adoption from her ex-husband until the date of her notification to him that the adoption failed." Id. at 951.
Rains provides no answer to this allegation. Furthermore, there is nothing in the *140 record that supports Rains' erroneous belief that his children had been adopted. Unlike Hailey, there is no agreement, or signed consent to adopt form. The child support owed vested at the time it was owed and as stated in Hailey, "this Court is without authority to reduce the amounts of accrued child support as they constitute a civil liability." Id. at 951 (citing Cunliffe v. Swartzfager, 437 So.2d 43 (Miss. 1983)).

V.

DID THE LOWER COURT ERR BY NOT ADMITTING INTO EVIDENCE A LETTER THAT WAS IN THE COURT FILE, SIGNED BY THE JUDGE, ADMITTING A MISTAKE WAS MADE IN THE CASE?
The letter from Judge Warner to Jennifer Adams is set out above. At the hearing, the DHS first moved to have the Chancellor take judicial notice of this letter. The Chancellor refused. The DHS then tried to get the letter admitted into evidence. The Chancellor refused to admit the letter for lack of relevancy. The DHS then made a proffer regarding the letter. At no point did the Chancellor read the letter from Judge Warner.
Rule 401 of the Mississippi Rules of Evidence states that "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
The admission of relevant evidence is left largely to the discretion of the trial judge. Federal Land Bank of Jackson v. Wolfe, 560 So.2d 137, 140 (Miss. 1989).
The issue of mistake was raised by the DHS, as well as the issue of Judge Warner's signing an amended judgment after recusing himself from the case. The letter was dated April 15, 1991, which was four years after the first judgment, two years after the recusal order, and a few months after the amended judgment was signed by Judge Warner. On that basis, the Chancellor erred in not finding relevancy to this properly authenticated document.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THE OPINION OF THIS COURT.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur. DAN M. LEE, P.J., concurs in results only.
NOTES
[1] Rains owed $25,937.00 in past due child support. This figure represented nonpayment for the period of June, 1976 to and including March, 1987.